ALLEN GAY, SR., plaintiff in error, vs. WILLIAM L. MITCHELL, Executor of ROBERT TAYLOR, deceased, defendant in error.

One who goes into the possession of land as a mere "squatter," disclaiming title, holds as tenant at will of the true owners, and cannot, by secretly attorning to another, change the character of his possession so as to make it adverse.

Motion for New Trial.   In Early Superior Court.   Decided by Judge CLARKE.   April Term, 1866.

An action of complaint, brought by the defendant in error against the plaintiff in error, to recover a lot of land, was tried before Judge PERKINS, at April Term, 1861, of Early Superior Court.

Gay, the defendant in the Court below, had a paper title from the State down to himself.   The executor of Taylor, the plaintiff in the Court below, relied upon color of title and possession under it for more than seven years.   To make out such possession, it was necessary that the occupancy of one Daniel Kirkland should be counted as the possession of Taylor, and there was evidence tending to show that Kirkland, although he subsequently attorned to Taylor, held originally under one Richard Gay who held under Curry, a *squatter*.   There was no evidence that Allen Gay, Sr., or

those under whom he claimed, had any notice or knowledge of Kirkland's recognition of Taylor's title.

The Court charged the jury, among other things, that where a party goes into possession of land, disclaiming title, he is a mere squatter, and holds in subordination to the rights of the true owner—not as his tenant, and, therefore, not for him; that, going in as a squatter, his possession is not adverse, and, not being his tenant, can, after being in, agree with another to hold for him, and it is not necessary that the knowledge of such change of possession should be brought home to the true owner to make such possession adverse.

The jury having found for the plaintiff, the defendant moved for a new trial, on the ground of error in this charge, and on various other grounds.

The motion was heard by Judge CLARKE, at April Term, 1866, who overruled it, and refused a new trial. This is the error alleged.

HOOD, for plaintiff in error.

DOUGLASS, for defendant.

Judge HARRIS did not preside, one of the parties being a relative.

WALKER, J.

As early as the case of *English vs. Register*, 7 *Ga. R.* 389, this Court decided that when the tenant in possession disclaims having any title to the premises, the presumption of law is that he holds the possession *in subordination* to the title of the true owner. In delivering the opinion, Judge LUMPKIN, p. 391, says: "The legal principles which I assert and maintain are, first, that he who has a perfect legal paper title to the land, is presumed in law to be *seized* and *possessed* thereof. Second, that such seizin and possession is

co-extensive with the right specified in such paper title, and continues in such true owner of the land, until he is *disseized* or *ousted* from such possession by the *actual* possession in another, under *color* of title or a *claim of right.* Third, that the statute of limilations does not commence to run against the true owner of land, who is presumed in law to be in the possession thereof, until he is *disseized* and *ousted* of such possession by the *actual* possession of another, who enters upon the land, under color of title, *hostile* in its *inception* to the title of the true owner; or when one enters upon the land and takes actual possession thereof, without paper title, under a claim of right." This has been, ever since, the doctrine of this Court.   In *Lawson, administrator, vs. Cunningham, administrator,* 21 *Ga. R.* 454, this Court decides that, "A possession that in its commencement is not adverse, becomes adverse only when the holder, changing his mind, *intends* it to become adverse, and *knowledge* of such his change of mind comes to the true owner."   In *Stamper vs. Griffin,* 20 *Ga. R.* 312, the point decided by the Court is stated in these words: "He who has the title to land, is to be deemed to be in the seizin and possession of it, and to continue so until ousted thereof by an actual possession in another, under a claim of right.   The possession of one who enters, disclaiming title, is to be considered as a possession by the consent of him who has the title; nor will a continuance of this possession avail to mature a title under the statute of limitations, until the character of the possession has been changed, either by a declaration to that effect, *communicated to him who has the title,* or by the exercise of acts of ownership *inconsistent with a tenancy* by the consent of him who has the title."   In delivering the opinion of the Court, p. 324, Judge Benning says: "Therefore, we think that if Booty entered as a 'squatter'—entered disclaiming title, he was to be considered as holding the possession as *tenant at will* to the true owner, and as remaining such tenant until something happened which might serve to notify the true owner that Booty had ceased to hold as such tenant,

and was holding adversely to him. What this something would have to be, we do not undertake to specify. We think, however, it would have to be somewhat more than a private attornment to the tenant to another claimant of the land." From these authorities, it follows that the Court erred in overruling the motion for a new trial; and instead of giving to the jury the charge, as set out in the 8th ground of the motion, he should have charged: That if Curry went into possession of the premises in dispute as a mere "squatter," disclaiming title, and sold his claim to Richard Gay, and Gay to Daniel Kirkland, that Kirkland's possession would be in subordination to the title of the true owner, and not hostile thereto. And that in order to make such possession adverse, something must be shown to have happened which might serve to notify the true owner that Kirkland ceased to hold as his tenant, and was holding adversely to him ; and the mere private attornment to some one also claiming the land without any legal title thereto, would not be sufficient to change the possession from a subordinate to an adversary character.

Judgment reversed.