# Jones *v.* Darden.

*Action against Owner of Stallion, for Injuries to Mare.*

1. *Injuries to mare by stallion; liability of owner; averments of negligence.*—The owner of a stallion is liable for injuries to a mare resulting from the known viciousness of the animal, which are the proximate consequence of the service undertaken, or which result from any negligence in the management of the stallion during the service; and an averment in the complaint that the defendant "so negligently performed his said undertaking that said stallion, in the effort to serve said mare, and because of the negligence of the defendant in managing and controlling him in that respect, so injured said mare that she died of such injuries," shows a substantial cause of action, and is sufficiently certain and definite.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES R. DOWDELL.

This action was brought by W. C. Darden against James T. Jones, and was commenced on the 6th August, 1889, the complaint being in these words: "Plaintiff claims of defendant $250 as damages, for that defendant, on the 4th May, 1889, was the owner of a stallion, which he used for hire in standing to serve mares, and plaintiff was the owner of a sorrel mare, which defendant undertook, for a reward to be paid by plaintiff, to have served by said stallion; and plaintiff avers that defendant so negligently performed his said undertaking that said stallion, in the effort to serve said mare, and because of the negligence of the defendant in managing and controlling him in that respect, so injured said mare that she afterwards died of such injuries, to-wit, on the 11th May, 1889."

The defendant demurred to the complaint, assigning as grounds of demurrer, (1–4) because it did not allege that the stallion was vicious, and that the defendant had knowledge of such viciousness; (5) "because it fails to show how the mare was injured, and what the injury was;" (6) "because it fails to show that the injury was caused by any omission of duty on the part of the defendant;" (7) "because it fails to show that there was any duty due to plaintiff by defendant, which defendant failed to perform;" (8) "because it fails to show that there was any duty due from defendant to plaintiff, in and about having the stallion serve the mare, and which he omitted to perform, or performed negligently;" (9) "because it fails to show any duty due from defendant to plaintiff;" (10)

[Borst v. Simpson.]

" because it fails to show that defendant was an insurer against any injury which the mare might suffer in being served by the stallion;" (11) " because it fails to show that defendant insured plaintiff against any injury which might occur to the mare in being served by the stallion." The court overruled the demurrer, and its judgment is now assigned as error.

N. D. DENSON, for appellant.

SAMFORD & CHILTON, contra.

SOMERVILLE, J.—The complaint seems to us to be sufficient, and not liable to the supposed defects suggested by the demurrer of the defendant. The defendant would be liable to the owner of the mare, not only for any injury resulting from the viciousness of the stallion, known to his owner, which was the proximate consequence of the service undertaken, but also for any injury resulting from a want of ordinary care or lack of skill on the part of the defendant, or his agent; or, in other words, any *negligence* on their part, in managing and controlling the stallion in the process of the service. The fact of negligence was charged in such form as that a material issue, in law or fact, could be taken thereon by the adverse party, and this is all the statute requires.—Code, 1886, § 2664; *M. & M. R. R. Co. v. Crenshaw*, 65 Ala. 566; *L. & N. R. R. Co. v. Jones*, 83 Ala. 376; *S. & N. Ala. R. R. Co. v. Thompson*, 62 Ala. 494.

The demurrer to the complaint was properly overruled, and the judgment is affirmed.