[Lee, et al. v. Lee.]

# Lee, *et al.* *v.* Lee.

### Ejectment.

(Decided October 21, 1915.  Rehearing denied June 1, 1916.
72 South. 24.)

1. **Landlord and Tenant; Adverse Possession; Statutory Notice.**—Adverse possession does not run in favor of a tenant at will under the owner until the tenant files a declaration with the probate judge asserting such adverse possession, as required by § 1541, Code 1896.

2. **Adverse Possession; Evidence.**—One claiming by adverse possession cannot introduce letters from the owner merely giving permission to occupy the land when there has been no disavowal of the owner's title.

3. **Same; Duration; Tacking.**—Possession that was adverse under the statutory provision of the Code of 1896, may be tacked to a possession adverse under the Code of 1907.

4. **Same.**—If defendant's possession was adverse during and under the period covered by the Code of 1907, and had no adverse possession under the Code of 1896, the two could not be tacked to make the holding complete.

5. **Same; Hostile Character; Co-Tenancy.**—Possession of land by the son of a deceased owner is presumably for the benefit of the estate and the coheirs, and is not adverse to them until some hostile act occurs.

6. **Executors and Administrators; Distribution of Estate; Collateral Attack.**—An order of the probate court for the sale of a decedent's land for distribution is not subject to collateral attack by an heir who was not a party to the probate proceedings.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by W. W. Lee against B. L. Lee with notice to D. L. Watson as landlord.  Judgment for plaintiffs and defendants appeal.  Affirmed.

W. O. MULKEY, for appellant.  C. D. CARMICHAEL, for appellee.

ANDERSON, C. J.—The proof in this case was not sufficient to relieve Alex Lee from filing a declaration under section 1541 of the Code of 1896, in order to set up adverse possession.  While he had negotiated with Hinson for the purchase of the land, the proof shows that the land was bought by Evan Lee, the reputed father of Alex, to whom a deed was made by Hinson, and that

Alex went into possession, not under color of title or claim of bona fide purchase or through a claim of inheritance, but as the tenant at will and under a permissive possession from Evan Lee. Therefore the possession of Alex Lee was not adverse to Evan Lee, his heirs or privies under the Code of 1896. Nor was there reversible error in sustaining the plaintiff's objection to the contents of the letter from Evan Lee to Hinson when the said Hinson put Alex into possession as it merely showed a permissive possession in Alex from Evan Lee and which could not become hostile until there was a clear disclaimer and disavowal of the title of Evan Lee and his heirs and privies by the said Alex Lee. —*Collins v. Johnson,* 57 Ala. 304; *Potts v. Coleman,* 67 Ala. 221; 7 Mayf. Dig. p. 15. Nor did the statement of the contents of the letter tend to show that Alex was to be given the land or placed in the position of any one other than a permissive holder under Evan Lee.

Had Alex Lee shown a compliance with the Code of 1896, and an adverse possession thereunder, he could tack that period to an adverse possession during the period covered by the Code of 1907, and if the two existed for the requisite period his adverse possession would be established; but if he had no adverse possession during the period covered by the Code of 1896, said period could not be tacked to the period covered by the Code of 1907, though he may have been an adverse holder for the last period. Not having an adverse possession under the Code of 1896, and not being able to tack the period covered by said Code to the possession under the Code of 1907, and the period under the Code of 1907, being less than ten years, the title of the plaintiff was not ousted by adverse possession.

The appellants also insist that Alex Lee was excepted from the statute as to the declaration and registration of his claim or color of title, because he went into possession of, or held, the land by descent. In other words, that he was a lawful heir of Evan Lee, the owner of the land. It may be conceded that there was some proof tending to establish a common-law marriage between Evan Lee and the mother of Alex, a question we need not and do not decide; yet if such was the case the said Alex Lee did not hold adversely to the estate or the other heirs of said Evan Lee until the proof showed some hostile act or conduct which would overcome the legal presumption that he was holding for the benefit of the estate or of his cotenants. The only proof to indicate

such action or conduct on the part of Alex was that he mortgaged the land to Watson a few years before selling it to him; but the record fails to show that hostile assertion or claim was made ten years before the commencement of the suit.

There is no merit in the claim of title through Alex Lee as to an undivided interest by inheritance from Evan Lee, independent of the claim of adverse possession, as the sale of the land by the probate court for distribution cut off the right to impeach the same, in this action, conceding that Alex was a legitimate child of Evan and was not a party to the probate proceedings.—*Lyons v. Hamner*, 84 Ala. 197, 4 South. 26, 5 Am. St. Rep. 363.

The trial court did not err in giving the general charge for the plaintiff, and the judgment is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.