(87 South. 576)

## STRICKLAND v. JACKSON.   (8 Div. 278.)

(Supreme Court of Alabama.   Nov. 25, 1920.)

1. **Animals** ⬦16—Owner of animal injured in breeding has burden of proof.

Plaintiff, suing for injury to his mare by defendant's negligence when causing his horse to serve the mare for hire, had the burden of proving that the injury resulted from defendant's lack of ordinary care in managing and controlling the horse in the process of service.

2. **Appeal and error** ⬦931(1)—Judgment by court without jury supported by all intendments sustaining a verdict.

Where a cause is tried by a court without a jury, the judgment rendered is supported by all the intendments which are indulged to sustain a judgment founded upon the verdict of a jury.

3. **Animals** ⬦16—Evidence held to show no negligence in handling stallion.

In suit for injury to and death of mare by defendant's negligence in controlling his horse in serving the mare for hire, *held*, that the great weight of evidence proved that defendant did exercise ordinary care, necessitating reversal of judgment for plaintiff and rendering judgment for defendant.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action by I. L. Jackson against G. W. Strickland. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and rendered.

The following is the version of the plaintiff and. the defendant:

The plaintiff said:

"I was at the mare's head when the horse was turned to her, and was not where I could see whether or not the entry was wrong. * * * Defendant first started to let the horse serve the mare, and the mare was twisting about, and the house got crossways with the mare, and the defendant took the horse off and made him put his tool up. When the horse got ready again, we placed the mare, and W. H. Hill was helping me to hold her this time, when the defendant let his horse on her. * * * The mare was twisting about, seemed to be afraid of the horse, and Hill was helping me to hold her this time. * * * The defendant had his horse to serve Hill's mare before he turned him to my mare. He said he would have the horse serve Hill's mare before he did mine, so the horse would be as quiet as possible. The defendant had the horse 'under good control, was handling him carefully, and gave the mare proper attention."

The defendant, on direct examination, testified as follows:

"The plaintiff brought his mare to be served by my horse. She was a small mare, weighed about 700 pounds. The horse weighed 1,300 pounds. * * * I told the plaintiff, as his mare was so little and the horse as large as he was, it would be better to have the horse serve Mr. Hill's mare first, so that the horse would be as quiet as possible when I turned him to the plaintiff's mare. I turned the horse to Hill's mare first. * * * She turned and twisted about, and got crossways under the horse, and I took him off of her and led him a few steps away. * * * The plaintiff called Mr. Hill to come and help him to hold the mare still that time for the horse to serve. The plaintiff and Hill were both hold of the mare. * * * I guided for him, and to the best of my judgment I guided the horse right, and he entered the mare right. I had hold of his penis and guided it to the right place, and, when it started in, I then went to the horse's head to hold and control him. * * * I went to my horse's head this time to keep him from biting or hurting the mare. I handled the horse carefully, and took pains with the mare to serve her without injury. It is my opinion, and it is my best judgment, that the horse made right and proper entrance in the mare when I was guiding him, but that the mare was twisting, and that this caused his penis to come out. * * * The mare was continually twisting about under him. I handled the horse carefully and properly, and in the manner careful stock men handle studs in serving mares."

William L. Chenault, of Russellville, for appellant.

The complaint was demurrable. 90 Ala. 372, 7 South. 923. The proof did not come up to show want of ordinary care or lack of skill on the part of defendant, and the court erred in the judgment rendered. 165 Ala. 521, 51 South. 835; 166 Ala. 630, 52 South. 57, 139 Am. St. Rep. 59; 19 N. W. 961; 114 Ark. 300, 169 S. W. 967.

Travis Williams, of Russellville, for appellee.

No brief came to the reporter.

SAYRE, J. [1-3] Appellee sued appellant, alleging that appellant had been guilty of negligence when causing his horse to serve appellee's mare for hire, with result that the mare was injured and died. Upon appellee rested the burden of proving that the in-

jury to his mare did result from appellant's lack of ordinary care in managing and controlling the horse in the process of service. Jones v. Darden, 90 Ala. 372, 17 South. 923. The cause having been tried by the court without a jury, the judgment rendered is supported by all the intendments which are indulged to sustain a judgment founded upon the verdict of a jury. Nevertheless, this court, upon due consideration, is of opinion that, not only did the appellee fail to sustain the burden of proof put upon him by the law, but that the great weight of the evidence went to prove that appellant did exercise ordinary care, and therefore that the judgment should be reversed, and a judgment for defendant rendered here.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.