(95 South. 186)

COX v. BRODERICK. (6 Div. 696.)

(Supreme Court of Alabama. Jan. 11, 1923. Rehearing Denied Feb. 1, 1923.)

1. Ejectment ⬤86(3)—Evidence held to disclose prima facie case for plaintiff shifting burden to defendant.

In ejectment to recover possession of a triangular piece of land adjacent to plaintiff's lot, evidence that plaintiff had purchased the lot from grantors, who had secured it from one to whom defendant had surrendered such contested portion, held to make a prima facie case shifting the burden of proof to defendant.

2. Adverse possession ⬤13—Elements to be proven in adverse possession under statute stated.

Since the adoption of Code 1907, § 2830, adverse possession beginning thereafter cannot confer or defeat title to land, unless the party claiming by adverse possession shows color of title duly recorded for 10 years, or that title was derived by descent cast or devise from one in possession, or that he and those through whom he claims have annually listed the land for taxation for 10 years prior to commencement of action.

3. Adverse possession ⬤95—Evidence held insufficient to show listing of land for taxation as required by statute.

In ejectment to recover possession of a triangular piece of land adjacent to plaintiff's lot, on the ground of adverse possession, evidence held insufficient to show a listing of the land for taxation for 10 years prior to commencement of the action as required by Code 1907, § 2830.

4. Adverse possession ⬤66(1)—Statute held inapplicable to boundary dispute between coterminous owners.

Code 1907, § 2830, relating to adverse possession, has no application to cases involving a question as to boundaries between coterminous owners.

5. Ejectment ⬤109 — Affirmative charges properly refused, where evidence conflicting.

Where in ejectment brought on a theory of adverse possession of a triangular piece of land adjacent to plaintiff's lot, the evidence was conflicting as to the intention with which the fence between the property of plaintiff and defendant was erected and as to whether defendant intended to hold to the fence whether it was on the true line or not, and as to whether such line had been agreed upon, it was not error to refuse affirmative charges requested by defendant.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Ejectment by Edith Broderick against Sarah E. Cox. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harsh, Harsh & Harsh, of Birmingham, for appellant.

In actions of ejectment, the plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of the title of his adversary. 5 Mich. Ala. Dig. 263; 137 Ala. 281, 34 South. 850. The burden is on plaintiff to establish his prima facie right to recover by showing that his grantor was in possession at time of deed made, or a regular chain of title from a grantor in possession, or from the government. 195 Ala. 14, 70 South. 261. When a verdict is clearly against the weight of the evidence, it is the duty of the trial court to set it aside and award a new trial. 10 Mich. Ala. Dig. 635; 171 Ala. 299, 54 South. 626.

Gibson & Davis, of Birmingham, for appellee.

It is not necessary that the plaintiff show title as against all the world; it is enough that he show a right to recover against defendant. 27 Ala. 589. The facts do not bring the case within the rule applying to coterminous proprietors agreeing upon a boundary line, followed by agreement or joint construction of a division fence and continuous occupation to the fence for 20 years. 173 Ala. 4, 55 South. 210. The holding being permissive, arising out of a mistake, is presumed to continue permissive until notice brought home to the holder of the legal title of change in character of possession. 157 Ala. 434, 47 South. 725; 198 Ala. 583, 73 South. 929.

MILLER, J. This is an action of ejectment by Edith Broderick, the appellee, against Sarah E. Cox, appellant, for a strip of land, in the shape of a right-angle triangle, with base 2³/₁₀ feet on an alley and apex in north line of Florentine avenue, 50 feet west of northwest corner of that avenue and Fifty-First street. It is on the west side of, and a part of, a lot which fronts 50 feet on Florentine avenue and 150 feet on Fifty-First street and 50 feet on the alley, in Woodlawn, Ala. The jury returned a verdict in favor of the plaintiff, judgment was rendered thereon by the court, and this appeal is prosecuted by the defendant from that judgment.

There were two counts in the complaint. The defendant pleaded not guilty to them with leave to introduce in evidence any matter that would be admissible in defense. The general affirmative charge, with hypothesis, in writing, was requested by the defendant generally and as to each count separately, and each was refused by the court. These three written charges refused by the court are assigned as errors.

The plaintiff purchased this lot 50 feet by 150 feet, which included the triangle sued for, from Sadie L. Smith and T. L. Smith, on September 6, 1913, which property was conveyed to her by warranty deed for a recited cash consideration of $1,200. This deed was duly signed and acknowledged by the grantors, and was recorded on December 31, 1913, in the probate office of Jefferson county, the county in which the lot is located.

The evidence is clear and undisputed that the defendant owned and has been in possession of, for about 30 years, the lot adjacent to, and immediately west of, this lot of 50 feet by 150 feet, described in plaintiff's deed. This lot claimed by plaintiff belonged to, and was in possession of, a Mrs. Janett Mauchline until she sold it to Sadie L. Smith some time between 1909 and 1913, except the defendant prior to November 4, 1909, had inclosed by a fence, in her adjacent lot and yard, a part of the west side of this lot of Mrs. Mauchline. On November 4, 1909, the defendant, for valuable consideration, executed and delivered to Janett Mauchline the following written instrument:

"Birmingham, State of Alabama, Jefferson County:

"For and in consideration of a conveyance to me this day by Janett Mauchline, I hereby agree to move the fence now on the east side of my property occupied as a home to a line parallel with Fifty-First street and fifty feet west of said street without cost to Mrs. Janett Mauchline.                    [Signed] Sarah E. Cox.

"November 4th, 1909.
"Witness: J. W. Hood."

The proof showed she intended thereby to relinquish any claim to, and any possession of, the said 50 feet by 150 feet lot of Mrs. Janett Mauchline, on account of a part of it having been inclosed by fence with her adjoining lot. This gave Mrs. Janett Mauchline possession on November 4, 1909, of the entire lot of 50 by 150 feet, which includes the triangle in this suit.

[1] There is evidence from which the jury could reasonably infer that Mrs. Janett Mauchline was in possession of this entire lot, including the triangle in suit, on November 4, 1909, when it was surrendered to her by the defendant, and that the plaintiff's grantors, the Smiths, secured the lot of 50 by 150 feet from Mrs. Mauchline. The plaintiff purchased it from the Smiths, as evidenced by the deed made by them to her. The evidence made out a prima facie case and right to recover by the plaintiff, and shifted the burden of proof onto the defendant. The evidence tended to connect the title of the plaintiff back to Mrs. Janett Mauchline, a grantor, who was in possession until the defendant entered possession again of this triangular part of it, and if this evidence was believed by the jury it would entitle plaintiff to recover the lot sued for. This was required of plaintiff to make

out a prima facie case, which burden she met by showing title to the lot in her and connecting it to some grantor in possession. Florence Bldg. & Inv. Co. v. Schall, 107 Ala. 531, 18 South. 108; Stewart v. Ransom, 200 Ala. 304, headnote 2, 76 South. 70.

The defendant claims title by adverse possession to the triangular lot in question. The evidence tends to show that, after the defendant executed the instrument to Mrs. Mauchline on November 4, 1909, she intended to and did surrender all right to and possession of the entire lot of 50 by 150 feet to her; that afterwards she and Mrs. Mauchline had the lot surveyed and marked off, and the lines as surveyed were agreed on by them, and defendant, in December, 1909, erected the fence on this line, and it has remained there ever since; and this fence inclosed with her other fence the adjacent lot owned by her, and included in this inclosure of defendant was this triangular part sued for of this lot of Mrs. Mauchline; and that she has held possession of it, in this inclosure, since some time in December, 1909.

Section 2830 is new to the Code of 1907. It went into effect in 1908, and is applicable to some of the evidence in this case, as defendant does not claim title by adverse possession to this triangular lot prior to December, 1909. Childs v. Floyd, 194 Ala. 651, 70 South. 121; Childs v. Floyd, 188 Ala. 556, 66 South. 473.

[2] Since the adoption of section 2830 of the Code of 1907, adverse possession, beginning after its adoption, cannot confer or defeat title to land, unless the party claiming by adverse possession also shows at least one of the things therein required exists. She must show a deed or other color of title, purporting to convey title to this triangular lot to her, has been duly recorded in the office of the judge of probate of the county in which the lot is situated for 10 years before the commencement of this action. This the defendant fails to do. No deed or color of title purporting to convey this triangular lot to the defendant was introduced in evidence. Or she must show that she derived title by descent cast or devise from a predecessor in the title, who was in possession of the triangular lot. There is no evidence that defendant claims title by descent cast or devise from a predecessor in the title, who was in possession. There is no evidence that she claims title by descent cast or devise from any one. Or she must show that she and those through whom she claims have annually listed this triangular lot for taxation in the proper county for ten years prior to the commencement of this action, as the land is subject to taxation; but an inadvertent failure to list it for taxation or any unintentional mistake in the description of the assessment or unintentional omission of any of it from the assessment, during the period of ten years, shall not bar the party of her action or defense on her adverse possession. The only evidence on this subject in the record that we can find is brought out by plaintiff, on cross-examination of the defendant. It was as follows:

"Q. The west two feet at the rear, of course, the west two feet, on the north end of the lot, from halfway down the side of the lot, did you assess that part of the lot, the Broderick lot? Do you assess it and pay taxes on the two feet? A. I assessed all under my fence.

"Q. I want to know whether you do assess that two feet or not? A. I assessed all under my fence. I assessed 56½ feet."

[3] This evidence does not measure up to the requirements of the statute. It does not show an annual assessment of this triangular lot for ten years prior to the commencement of this suit as contemplated by the statute. This gives the defendant nothing on which to base or rest its claim of adverse possession for ten years to this triangular lot. Hence the three charges under this evidence were properly refused by the court.

[4] However, there are other phases of the evidence which tend to show that a question as to boundaries between coterminous owners, is involved in this action, and section 2830 of the Code of 1907 has no application to cases involving a question as to boundaries between coterminous owners. Spragins v. Fitcheard, 206 Ala. 694, 91 South. 793.

[5] The defendant agreed in writing for a valuable consideration to build the fence on the line, 50 feet west from and parallel with Fifty-First street. It was erected on the alley side, commencing not 50 feet as agreed, but 47$^7/_{10}$ feet from Fifty-First street, and did not run as agreed parallel with and 50 feet from Fifty-First street. She did not comply with her written agreement. There was evidence from which the jury could reasonably infer that this was done intentionally or unintentionally, designedly or accidentally by the defendant. There was evidence from which the jury could believe that the coterminous owners of the adjacent lots honestly believed the true dividing line was where the fence was erected, and did not intend to claim beyond the true line, whether the fence was on it or not; and there was evidence to the contrary. There was evidence that defendant intended to hold to the line, where the fence was erected, whether it was the true line or not, and that the adjoining owners agreed on the line where the fence was built, and there was evidence tending to show the contrary. This being the nature of the evidence and its tendencies, under the rule in Gibson v. Gaines, 198 Ala. 583, 73 South. 929, the court did not err in refusing the three affirmative charges,

with hypothesis, requested by the defendant as to the triangular lot, whether it was adverse or not to the plaintiff and her predecessors in title. Gibson v. Gaines, 198 Ala. 583, 73 South. 929.

The defendant filed motion for new trial. The grounds insisted on are that the court erred in refusing to give the three charges hereinbefore mentioned because the verdict was contrary to the law and contrary to the great weight of the evidence. The court refused this motion. This is assigned as error. The verdict is not contrary to the law. We have read the evidence, and it fully warrants and supports the findings of the jury, and the court did not err in overruling the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

There is no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.