(95 South. 898)

McCRAW et al. v. LINDSEY. (7 Div. 360.)

(Supreme Court of Alabama. April 12, 1923.)

1. Witnesses ⊂⊃275(2)—Cross-examination of plaintiff to show knowledge of adverse possession proper.

In ejectment defended on ground of adverse possession, in the cross-examination of plaintiff as a witness it is proper to ask questions which bring forth testimony that plaintiff witness knew that defendant had possession of the premises involved.

2. Adverse possession ⊂⊃32—"Bona fide adverse claim by purchaser" defined.

A bona fide adverse claim of possession by a purchaser dispensing with filing notice of possession required under Code 1896, § 1541, is where one enters upon the land and asserts adverse possession thereto under an honest claim of purchase.

3. Adverse possession ⊂⊃115(3) — Good-faith purchase question for jury.

In ejectment defended on the ground of adverse possession, whether defendant was a bona fide purchaser, under Code 1896, § 1541, was a question for the jury under conflicting evidence.

4. Adverse possession ⊂⊃113—Testimony as to actual possession admissible.

In ejectment defended on the ground of adverse possession, the actual possession of the land is a question of fact, and testimony of witnesses thereto properly admissible.

5. Adverse possession ⊂⊃95—Tax records admissible to show payments for 10 years by adverse holder.

Tax assessments and tax records tending to show that defendant claiming adverse possession paid taxes for 10 years preceding an action of ejectment were properly received in evidence under Code 1907, § 2830, notwithstanding any mistakes or errors in the description of the property for any year; it being for the jury to determine from all the evidence whether defendant intended to list his property for taxation each year of his occupancy.

6. Adverse possession ⊂⊃85(2)—Evidence of defendant's actual possession admissible.

Where defendant in ejectment claimed adverse possession to the property involved, evidence of his possession and that of his grantor prior to the enactment of Code 1907, § 2830, and at a time when Code 1896, § 1541, was operative, was admissible; such testimony tending to show character of possession and to shed light on the question whether defendant's purchase from his creditor was in good faith.

7. Adverse possession ⊂⊃85(3)—Evidence sufficient to show title by adverse possession.

Evidence that defendant purchased the property from which plaintiff sought to eject him from a negro more than 13 years before commencement of the action, at which time he immediately went into actual possession, and that from that time to the commencement of the suit he was in the actual and open, notorious, hostile, continuous, and adverse possession of the property, claiming it as his own, *held* sufficient, under Code 1907, § 2830, to warrant a jury finding that he was the owner.

8. Adverse possession ⊂⊃89 — Unintentional omission from assessment not bar to claiming adverse possession.

Under Code 1907, § 2830, providing that adverse possession is not available either to confer title or as a defense unless the party claiming adverse possession shall have annually listed the property for taxation in the proper county for 10 years prior to the commencement of the action, the inadvertent failure to list the land for taxation or a mistake in the description of the assessment or an unintentional omission of any part of the land from the assessment during such possession does not preclude the possessor from asserting adverse possession.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action in ejectment by C. O. McCraw and others against Robert Lindsey. From a judgment for defendant, plaintiffs appeal. Affirmed.

Harvey A. Emerson, of Anniston, for appellants.

A claim of adverse possession, by bona fide purchase, must be untainted with fraud, and the purchase made in the honest belief that the vendor had a right to sell. Holt v. Adams, 121 Ala. 664, 25 South. 716; 5 Cyc. 719; Black's Law Dict. 143. Code 1907, § 2830, is not met and complied with by an annual listing for taxation, for 10 years, of land, the description of which is ambiguous, uncertain, or indefinite. Brannan v. Henry, 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55; Black v. T. C. I. Co., 93 Ala. 109, 9 South. 537; Rogers v. Keith, 148 Ala. 226, 42 South. 446. One who asserts title by adverse possession must hold adversely and hostilely to the true owner. Stewart Bros. v. Ransom, 200 Ala. 304, 76 South. 70; Ashford v. Ashford, 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; Boykin v. Smith, 65 Ala. 294.

Chas. D. Kline, of Anniston, for appellee.

The transfer of possession alone is sufficient to create privity, and written evidence of the transfer is not necessary, when the property is held by the transferee under claim of the first entryman. 1 Am. & Eng. Ency. Law (2d Ed.) 844; Holt v. Adams, 121 Ala. 664, 25 South. 716. The inadvertent

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

failure to list land for taxation, or any unintentional mistake in description of assessment, will not bar the party of his action or defense on adverse possession. Code 1907, § 2838.

MILLER, J. This is a statutory ejectment suit instituted by C. O. McCraw and others, plaintiffs and appellants, against Robert Lindsey, defendant and appellee, to recover possession of a tract of land near, and a lot in, the city of Anniston.

The defendant filed plea of disclaimer as to a part of the land sued for, describing it; and the plaintiff confessed this plea. Judgment was rendered by the court in favor of plaintiff for this land, but without cost or damage. The defendant filed plea of not guilty to the lot sued for and described in the complaint as follows:

"Commencing at the southwest corner of the intersection of McDaniel avenue and Twelfth street, at the northeast corner of block 58 in the city of Anniston, Calhoun county, state of Alabama; running thence west 93 feet, more or less, to a hedge row; thence south along the said hedge row to the south line of said block 58; thence east along the said south line of said block 93 feet to the west line of McDaniel avenue, and the southeast corner of said block 58; thence north along the said west line of McDaniel street and the east line of said block 58 to the point of beginning."

The defendant suggested on the record that he had been in adverse possession of this lot in dispute for three years next preceding the commencement of this suit.

The case was tried on the issue made by the plea of not guilty; the jury returned a verdict in favor of the defendant, and from the judgment thereon by the court the plaintiff has prosecuted this appeal.

The evidence for the appellants showed a paper and record title to the lot to them by an unbroken chain of regular conveyances from the United States down to the time of trial, except the interest of their sister Mrs. Mary Ann Moore. Her conveyance to them was admitted in evidence by the court only as color of title to her interest.

The defendant claims title by adverse possession of the lot continuously from 1898 to the commencement of this suit, based on an alleged bona fide purchase of the lot in 1898 by him from a negro by the name of Miller who had been in possession of it, living on and claiming it, since 1884, under agreement with a Mr. McAfee. The defendant also claims title to the lot by adverse possession since 1898 continuously up to the commencement of this action, based on the claim that he has annually listed the lot for taxation in the proper county for 10 years after May 1, 1908, and prior to the commencement of this suit, which was commenced on November 1, 1921.

[1] C. O. McCraw, one of the plaintiffs, testified that he remembered the house Mr. McAfee placed on this lot, and that it was occupied by the Miller negro, saying, "My recollection is that Mr. Lindsey (defendant) built the house now on this land in about 1913, and he has occupied it." The court did not err in permitting a question which called forth answer from the witness that "he knew the defendant has been living in the house on the land in litigation since 1913." The witness was a party plaintiff to the suit; possession by the defendant of the lot was a direct issue in the case; and this evidence tended to show that he was in possession of it, and one of the plaintiffs (the witness) had notice of the possession of the lot by defendant.

[2] When the defendant went into possession of this land, section 1541 of the Code of 1896 was in force and effect. It had no application to a bona fide claim of the purchase of land which was held in adverse possession. A bona fide claim of purchase of land held adversely by possession by a purchaser is where one "enters upon land and asserts adverse possession thereto under an honest claim of purchase." Holt v. Adams, 121 Ala. 664, 25 South. 716; § 1541, Code 1896.

[3, 4] Whether the defendant was a bona fide purchaser of the land from Miller under the entire evidence was a question for the consideration of the jury, and under the conflicting tendencies of the evidence on that question they could alone determine that issue. It was proper for the court to submit to them the evidence on the possession of the lot by the defendant. The possession of land or its actual occupancy is a question of fact, witnesses may testify to it, and the court did not err in allowing the witnesses in this case to do so. The plaintiff had full opportunity to cross-examine them as to the nature, character, and duration of the possession or occupancy by the defendant of this lot. Steed v. Knowles, 97 Ala. 573, headnote 5, 12 South. 75; Eagle v. Gibson, 62 Ala. 369, headnote 2; Woodstock v. Roberts, 87 Ala. 436, headnote 6, 6 South. 349.

The defendant was permitted, over the objection and exceptions of the plaintiffs, to introduce in evidence the tax assessments of defendant and tax records thereof from and for each of the years 1909 to the year 1922, both inclusive. Section 2830 of the Code of 1907 provides in part, here applicable:

"Adverse possession cannot confer or defeat title to land unless the party setting it up shall show that * * * he and those through whom he claims shall have annually listed the land for taxation in the proper county for ten years prior to the commencement of the action, if the land is subject to taxation."

Section 2830 also contains the following, which is applicable to the above clause:

"And an inadvertent failure to list the land for taxation, or any unintentional mistake in the description of the assessment, or unintentional omission of any part of it from the assessment, during the period of ten years, shall not bar the party of his action or defense on his adverse possession."

See Cox v. Broderick, 208 Ala. 690, 95 South. 186.

Section 2830 is new to the Code of 1907, which went into effect May 1, 1908, which put in operation this section.

This land was subject to taxation, and appears to have been listed by the defendant for assessment and taxation from October 1, 1909, for the tax year 1910, and for each year thereafter until the commencement of this suit on November 1, 1922. This was more than 10 years before the action was commenced. The lists were filed with the tax assessor in Calhoun county, Ala., the county in which the lot is located. The lot involved in this litigation is in form a parallelogram. It is 93 feet off the east side of block 58 in the city of Anniston, fronts 93 feet on Twelfth street, extends and fronts 93 feet on Eleventh street, and is bounded on the east by McDaniel street or avenue, which is referred to in the evidence as McDonald street.

[5] The tax assessment sheets of defendant and the tax record made by the assessor therefrom describe this lot in various ways; but each assessment list places it in block 58 in the city of Anniston, and as being 93 feet wide. Some describe it, in addition to the above, as being on the east side of block 58; others as 93 feet south side of Twelfth street, extending to Eleventh street and west of McDonald street or McDaniel street. Each describes it in a way that would indicate the lot in dispute was intended as the lot to be assessed and listed for taxation; and the court did not err in permitting these tax lists and the tax record of it to go to the jury for them to determine, if the defendant listed or intended thereby to list this lot for taxation in the proper county after May 1, 1908, for 10 years prior to the commencement of this suit. If there was a mistake in the description of the lot, in the assessment for any year, it was for the jury to determine from all the evidence if it was unintentional, that is, whether he (defendant) intended to assess this lot for taxation each year for 10 years prior to the commencement of this action. The tax lists and the tax records made from them should sufficiently describe the lot to indicate with reasonable certainty the land intended to be listed for taxation by the taxpayer, so the owner of the land could ascertain from it with reasonable certainty what land was intended by the taxpayer to be held and claimed by adverse possession.

This was one of the purposes of the statute in requiring the land claimed by adverse possession to be listed by the taxpayer for taxation. Any unintentional mistake in the description or any unintentional omission of any part of it from the assessment during the period of 10 years will not bar the party of his action or defense on his adverse possession. There are some mistakes in the description of this lot in some of the tax lists, but these tax lists sufficiently met the requirements of the statute in a manner that would require the court to submit them to the jury, so the jury could determine if the taxpayer intended to and did list and describe the lot in litigation for taxation in the manner and for the time as the statute required. Section 2830, Code 1907; Cox v. Broderick, supra.

[6] The possession and character of the possession of the lot by Miller prior to the alleged purchase of it from Miller by defendant was relevant to go to the jury, as it tended to show how long the plaintiffs had been out of possession of the lot, and tended also to show whether the sale to and purchase by defendant of the lot from Miller was bona fide, and further tended to show whether defendants' possession of the land thereafter was intended to be adverse. The possession by the defendant of this lot prior to the adoption of the Code of 1907, containing section 2830, was relevant, shedding light on whether his purchase from Miller was bona fide, and whether his possession up to May 1, 1908, was adverse, and also whether possession by him from May 1, 1908, to the commencement of this suit was adverse. It shed light on the nature and character of the claim of the defendant to the lot.

[7] There was evidence tending to show that Miller was in possession of this lot, claiming it for 13 years prior to his sale to defendant in 1898; that he sold it to the defendant in 1893, and the defendant went immediately into the actual possession, and remained continuously in possession of it up to the present time. This evidence was relevant to the issue and competent to go to the jury. Lee v. Lee, 196 Ala. 522, 72 South. 24. There was evidence to the effect that defendant annually listed this lot for taxation in the proper county for 10 years after May 1, 1908, when section 2830 of the Code of 1907 went into effect, and prior to the commencement of this suit, and that he was in the actual, open, notorious, hostile, continuous, and adverse possession of the lot, claiming it as his own during these 10 consecutive years prior to the commencement of this suit; and, if this evidence was believed by the jury, it would defeat the title of plaintiffs to the lot and entitle defendant to a verdict. Section 2830, Code 1907; Lee v. Lee, 196 Ala. 522, 72 South. 24; 5 Michie, Dig. 266, § 8.

The court did not err in refusing to give

the general affirmative charges requested by the plaintiffs. McMillan v. Aiken, 205 Ala. 35, headnotes 9–11, 88 South. 135.

[8] The plaintiffs excepted to the following part of the oral charge of the court:

"That is to say, that a man couldn't acquire possession of land or defeat title by adverse possession unless, among other things—no use to call your attention to all of them—unless he annually listed the land for taxation in the proper county for 10 years prior to the commencement of the action. Now, if he annually listed the land for taxation for 10 years prior to the beginning of the suit, and the suit was begun in November, 1921, if this man annually listed the property for taxation for 10 years prior to November, 1921, at the time of the bringing of the suit, or, if he didn't annually list it for taxation, he made an unintentional mistake, and the description of the assessment was unintentionally omitted in part of it from the assessment, still that would not bar his right to retain the land, provided further that during the 10 years prior to the beginning of the suit he claimed it exclusively, adversely, hostilely, visibly, and notoriously and against the world."

Immediately thereafter the court in its oral charge to the jury stated:

"Now, you see, that is the only way to acquire title. He don't claim to have any paper title. So these plaintiffs are entitled to recover unless he has satisfied you that he listed that land for taxation for 10 years before the bringing of this suit, and that he was in actual, notorious, adverse possession of it for 10 years before the bringing of the suit."

This charge of the court is in accord with our construction of section 2830 of the Code of 1907. It appears to be the intent of the Legislature in that statute to make it read thus as applicable to the evidence in this case:

"Adverse possession cannot confer or defeat title to land unless the party setting it up * * * and those through whom he claims shall have annually listed the land for taxation in the proper county for ten years prior to the commencement of the action, if the land is subject to taxation; * * * and an inadvertent failure to list the land for taxation, or any unintentional mistake in the description of the assessment, or an unintentional omission of any part of it from the assessment, during the period of ten years, shall not bar the party of his action or defense on his adverse possession." Section 2830, Code 1907; Cox v. Broderick, supra.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.