(133 So. 39)
### BATES v. SOUTHERN RY. CO.
2 Div. 963.

Supreme Court of Alabama.
March 12, 1931.

Arthur M. Pitts, of Selma, for appellant.

448

W. E. Callen, Jr., and Pettus & Fuller, all of Selma, for appellee.

BROWN, J. (after stating the facts).

The appellant's contention here is that the evidence shows, without dispute or room for adverse inference, that he and those under whom he claims have been in the actual, open, notorious, adverse possession of the strip of land in suit, for more than twenty years, and applying the doctrine of prescription he was entitled to the affirmative charge, which the court refused. The argument, as we understand it, concedes that the plaintiff established a paper title, by showing that Wesley Plattenburg, before he conveyed to the Selma & Meridian Railway Company, in 1866, owned the property, and conveyed it to said railway company, and that the plaintiff succeeded to all the rights, title, and interest of said railway company, and had continued to use its right of way, in so far as its use was necessary in the operation of its system of railroads, not including, however, the strip in controversy here.

The deed under which the defendant claims, as well as those of his predecessors in title, recognizes the southern boundary of the railway's right of way as the northern boundary of the property conveyed by said deeds, and although the evidence shows that defendant and his predecessors in title have been in the actual, open, notorious, and continuous possession of the strip of right of way for more than twenty years, it was a possession held and enjoyed in connection with the possession of the adjoining lot under muniments of title which recognized the southern boundary line of the right of way as the northern boundary of the lot, and coincident with such possession the railway company was in the actual, open, notorious possession of its right of way, and the possession of defendant and his predecessors was not inconsistent with the needs of the railway company.

While "the doctrine of prescription is peculiarly a doctrine of presumption, and after the lapse of twenty years of continuous, uninterrupted, peaceable, adverse possession, without recognition of an adversary right, in the interest of repose, it presumes title in one so holding and forecloses judicial investigation as to the title," nevertheless, as appears from the statement of the doctrine, the presumption rests upon established *adverse possession* which has continued for twenty years or more without recognition of an adverse right. Buswell on Adverse Possession, §§ 1, 2 and 3; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Gayetty v. Bethune, 14 Mass. 53, 7 Am. Dec. 188; Wade v. Johnson, 94 Ga. 348, 21 S. E. 569.

We are not concerned here with the rule of the statute, Code 1923, § 6069, or its pred-

ecessors, because by its express terms it does not apply "to cases involving a question as to boundaries between coterminous owners." Copeland v. Warren, 214 Ala. 150, 107 So. 94; Byars v. Howell, 209 Ala. 191, 95 So. 871; Cox v. Broderick, 208 Ala. 690, 95 So. 186, 187; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103.

The doctrine applicable here can best be stated by quotation from the opinion in Hess v. Rudder, 117 Ala. 525, 528, 23 So. 136, 67 Am. St. Rep. 182, where it was observed:

"We have frequently had occasion to consider the question as to when the possession of a continuous [coterminous] land owner becomes adverse to his neighbor, and to determine the rule applicable to the facts of particular cases. Possession, to be adverse, must be held under a claim of right, and there can be no adverse possession without an intention to claim title. Hence it is essential to the proper determination of the character of the possession to consider the intention with which it was taken and held. If one *occupies* land up to a certain fence, because he believes that to be the line of his land, but not having any intention to claim up to the fence, if it should be beyond the line, the intent to claim title does not exist coincident with the possession, and the possession up to the fence is not, therefore, adverse. Where, however, the coterminous owners agree upon a line as the dividing line, and occupy up to it, or when one of them builds a fence as the dividing line, and occupies and claims to it as such, *with knowledge of such claim by the other*, the claim is presumptively hostile, and the possession adverse. Brown v. Cockerell, 33 Ala. 38; Alexander v. Wheeler, 69 Ala. 340; Hoffman v. White, 90 Ala. 354, 7 So. 816; Davis v. Caldwell, 107 Ala. 526, 18 So. 103." Mobile & G. R. R. Co. v. Rutherford, 184 Ala. 204, 63 So. 1003.

The circumstances under which the possession was taken, as they appear from the agreed facts, the recitals in the several conveyances and the affidavits, in the instant case, presented a question for jury decision, as to whether or not the defendant and his predecessors in title and possession intended to claim merely to the southern boundary line of the right of way, believing that the fence was placed on that line, or whether they intended to claim to the fence regardless of the true line, and whether or not the character of the possession, the nature of the building, and the fence, were sufficient to charge the railway company with knowledge of such claim.

■If the defendant and those under whom he claimed merely intended to claim to the true line, or if they intended to claim to the

fence, and the plaintiff, the railway company, was not chargeable with knowledge of such claim, the mere fact of their possession for twenty years would be ineffective to confer title. Hopkins v. Duggar, supra; Smith v. Bachus, 201 Ala. 534, 78 So. 888; Jordan v. Smith, 185 Ala. 591, 64 So. 317; Taylor v. Fomby, 116 Ala. 621, 22 So. 910, 67 Am. St. Rep. 149; 1 R. C. L. 732, §§ 50, 51.

■ Another circumstance may be mentioned which necessitated submission of the case to the jury, the map or plat of the locus in quo, which is by agreement of the parties made evidence and shows that the fence had been in its present location for thirty years, and in the deed of Anna R. Plattenburg to Osborn it is recited that the fence and the then buildings were placed thereon under "a ground rent lease" and belonged to "Ann Minter," who had the right to remove them. At that time, before she conveyed to Osborn, Anna R. Plattenburg was the owner in fee of the lot designated "Lot 8 in Block X, Plattenburg's Addition to Selma," and held the fee in the right of way subject to the easement theretofore granted by her husband, in which grant she joined.

■ This, in connection with the other circumstances, tends to show a permissive and subservient use, and if in fact the asserted adverse possession of defendant and his predecessors originated in such use, it would not become a hostile possession in the absence of a positive disavowal of such holding. Keller et al. v. Harrison et al., 151 Iowa, 320, 128 N. W. 851, 131 N. W. 53, Ann. Cas. 1913A, 300; Whitlock v. Johnson, 87 Va. 323, 12 S. E. 614; Gay v. Mitchell, 35 Ga. 139, 89 Am. Dec. 278; Zeller v. Eckert, 4 How. 289, 11 L. Ed. 979; Stiff v. Cobb et al., 126 Ala. 381, 28 So. 402, 85 Am. St. Rep. 38; 1 R. C. L. 703, § 16.

■ In this connection we note that it does not affirmatively appear from the agreed facts that the possession of defendant, and those under whom he claims, was hostile or exclusive; these facts were left to be inferred from the facts stated and the other evidence. Hays v. Lemoine, 156 Ala. 465, 47 So. 97.

The only statement as to the character of the building erected by Wilson in 1907 is that it was "a store house covering the ground shown on said map (34 ft. x 56 ft.) as one-half story store constructed by A. C. Bates, all of which is south of the fence." The evidence as to the use of the building was that it was for business purposes, but the nature and extent of the business does not appear. Therefore it was a question of fact whether or not this use, without more, was sufficient to charge the railway company with notice that the defendant and his predecessors in title claimed adversely.

The affirmative charge was properly refused, and the motion for a new trial was overruled without error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.