138 So. 820

## ACKER v. GREEN et al.
### 4 Div. 578.

Supreme Court of Alabama.
Dec. 17, 1931.

Rehearing Denied Jan. 21, 1932.

A. G. Seay, of Troy, for appellant.

Guy W. Winn, of Clayton, for appellees.

THOMAS, J.

The first appeal was on ruling on demurrer and discharge on motion of injunction. Acker v. Green, 216 Ala. 445, 113 So. 411.

The bill was amended by allegation that appellees had continued to cut and remove

timber from said land, and prayed judgment for value of the timber or lumber manufactured therefrom. The answer denied all essential allegations; testimony was taken, and submission was for final decree; and judgment denied the relief prayed.

The question of injunctive relief was considered and maintained in Tidwell v. H. H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486, L. R. A. 1917C, 232, and Acker v. Green, 216 Ala. 445, 447, 113 So. 411.

The appellant insists that title was acquired by adverse possession alleged to have begun to run in 1903, by return of the lands for taxes, the building of a tenant house thereon in 1908, and notice of adverse possession of date of March 5, 1904. In other words, it is insisted that subsequent possession of those claiming the lands was such as "its condition would admit" by J. T. Grubbs, who died in 1914. This land was sold by order of the court, at the instance of the administrator de bonis non, and purchased by the widow of J. T. Grubbs. This deed to Mrs. Grubbs is the first record title under which the appellant claims.

Appellant admits that the land was assessed to appellant and those through whom she claims from 1904 to 1926, inclusive, the time of bringing the suit; that it was likewise assessed to J. E. Fenn and those claiming under him (appellees' predecessors in title) from 1902 to 1926, inclusive.

■ The tax records are in evidence, and show the following assessments were made: In 1902 to J. E. Fenn and likewise to "Unknown Owner"; in 1903 to J. E. Fenn, alone; in 1904, 1905, 1906, and 1907 to J. E. Fenn and also to J. T. Grubbs; for the succeeding years (from 1909 to 1924), except in 1908, 1911, and 1915, to one of the Grubbs and to a Fenn; for 1924 and 1925 to M. H. Fenn and E. C. Grubbs; and for 1926 to H. M. (meaning M. H.) Fenn, Acker, and Morgan. Thus Mrs. Acker and her predecessors in title did not annually list the land for taxes for ten years.

The three provisions of the statute (section 6069, Code) as to adverse possession are to the effect that adverse possession cannot confer or defeat title to land (1) unless the party setting it up shall show that a deed or other color of title purporting to convey title to him has been duly recorded for ten years; (2) or unless he and those through whom he claims shall have annually listed the land for taxation for ten years prior to the commencement of the action; (3) or unless he derives title by descent cast or devise from a predecessor in title who was in possession of the land. Cox v. Broderick, 208 Ala. 690, 95 So. 186; Leddon v. Strickland, 218 Ala. 436, 118 So. 651. And, under these provisions of the statute, adverse possession not so held would not defeat the title of Fenn and successors.

As to listing the land for taxes, there was no return in 1908, 1911, or 1915, and the return made was after suit was brought in 1926. There were not ten years of adverse possession in that phase of the statute, before suit brought. The tax certificate shows that J. E. (Jim) Fenn listed the property for taxes from 1902, with only one or two exceptions, to his death and those claiming under him (section 6069, Code) by descent cast, or devise, etc. Cox v. Broderick, supra.

If complainant and those through whom she claims assert title or ownership by or through devise under the will of Emmie C. Grubbs, this insistence must fail, since, as we have indicated, Mrs. Grubbs was not such predecessor in possession of the land. The testimony of Miles and Martin shows a temporary possession by Mr. Grubbs; the testimony of Mrs. Watkins was very unsatisfactory as to the actual possession of the land—except as to one time in 1902 before the alleged claim of J. T. Grubbs. She testified that the house was built thereon in 1908, and was shown to have been destroyed by forest fire a year or so thereafter. And the testimony as to Press Miles and General Martin getting lightwood off part of the land was indefinite or remote as to time and place and the nature of the act or acts, and was not satisfactorily indicated by Mrs. Watkins, Miles, or Martin.

The record to support appellees' title is a mortgage from Fenn and wife to McCormick of date of October 31, 1906, duly recorded, transferred, and assigned by Georgia McCormick as the executrix of the estate of James E. McCormick, and its foreclosure under its terms and purchase by Homer Fenn.

The deed of date of November 13, 1924, to timber rights, etc., on said land from M. H. Fenn by Ava M. Fenn, agent, to A. H. and C. W. Green, described this and other lands by metes and bounds, and appellees went into possession on June 28, 1926, and cut the timber to October 1, 1926.

The testimony of J. C. Green, Tom Cook, W. F. Kennedy, J. G. Beaty, C. E. Singleton, W. J. Williamson, and Forest Craig was to the effect that for the last twenty years said land was in the possession of Mr. Jim (E.) Fenn until the time of his death, and then in his son H. M. or Homer Fenn; and that Green bought the timber as indicated from the latter; that appellant had never been in actual possession of the forty-acre tract in question; and that Fenn's possession was undisputed when the sale was made and possession given on June 28, 1928, to the appellees, and that the latter were in open, exclusive, notorious, and adverse possession of said lands for twenty years at the time of sale to Green and to the time of bringing the suit.

■■ The evidence of Katie Watkins to the effect that J. T. Grubbs bought the land at tax

sale is not shown by the record and complainant's evidence of such fact. The notice of adverse possession of date of March 5, 1905, signed by said Grubbs and recorded in the probate office, nor the newspaper advertisement and debit slip in the Book of Notations by some one of "Taxes on Unknown Land, $5.-25," is sufficient to show a due assessment of the lands in question to the owner as "unknown," or of its due sale for failure of payment of taxes in arrears, or of its purchase by Grubbs. The above, in the absence of such predicate, is but secondary evidence of tax sale as applied to the particular forty made the subject of this suit—that it was duly sold for taxes and purchased by appellant's predecessor in title. The law indulges no presumption in the matter of such default, sale, and purchase, and affirmative proof is required thereof before the lands of J. E. Fenn may be thus taken from him by such procedure as governmental administration.

The filing of the notice of adverse possession under the statutes (Code 1896, §§ 1541–1543; Code 1907, §§ 2830, 5421) was to give notice of the fact of actual existing adverse possession; if persisted in and maintained for the statutory period, would ripen into title or a superior right to title and possession. It is admissible in evidence with the other required proof of adverse possession at the time it is filed. Monfee v. Hagen, 201 Ala. 627, 79 So. 189. It is true that possession that is adverse under the provisions of successive Codes may be tacked to a possession to complete the bar (Cox v. Broderick, 208 Ala. 690, 95 So. 186; Lee v. Lee, 196 Ala. 522, 72 So. 24); yet such adverse possession must exist in fact and not be a mere claim without the required actual and existing status of adverse possession.

The several statutes in question require that there be an actual entry upon real estate, and, on assertion of adverse possession thereof, notice must be given of such adverse possession and claim (in fact as affecting the land) by filing the declaration prescribed (Code 1896, § 1541; McCraw v. Lindsey, 209 Ala. 214, 95 So. 898; Holt v. Adams, 121 Ala. 664, 25 So. 716; Leddon v. Strickland, 218 Ala. 436, 439, 118 So. 651); and section 2830, Code of 1907, provides for adverse possession thereof under one of the alternatives of the statute (Leddon v. Strickland, supra; Smith v. Smith, 213 Ala. 670, 106 So. 194; Code 1928, § 6069, and annotations); that is, the filing of the notice of adverse claim by Grubbs, if he was not in actual adverse possession of the land at the time, constituted no notice to the world, or to those persons who had an interest in or claim to the lands; and such notice will not avail as against the preponderance of this evidence that there was not such actual possession.

The tenant house on the forty in question was not erected until 1908, long after the declaration was filed, and the tenant occupied the same later; therefore, when the "claim of adverse possession" was filed in 1904, it was not supported by actual adverse possession, so far as this record shows. Likewise the record fails to show that Mrs. Grubbs was in possession of the lands when her will was effective.

It is not necessary to further discuss the evidence. It has been examined. Under the law and the respective tendencies of the evidence, the trial court was correct in supporting the title of the original holders and privies extending over a period of twenty years or more, as against those alleging to hold under an alleged tax sale.

The judgment of the trial court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.