39 So.2d 226
**JACKSON et al. v. STEPHENS et al.**
4 Div. 524.

Supreme Court of Alabama.
Feb. 17, 1949.

Jas. J. Winn, of Clayton, for appellants.
Geo. Wallace, of Clayton, for appellees.

BROWN, Justice (after stating the facts.)

The assignments of error challenge the soundness of the decree insofar as it grants the complainant D. D. Stephens relief and orders the foreclosure of the mortgage executed by J. N. Stephens and wife to George M. Forman on February 21, 1910, due and payable November 1, 1914, appearing of record in the office of the Judge of Probate of Barbour County on p. 24 of Record of Mortgages Book 69. The complainant D. D. Stephens in his bill makes some allegations on information and belief somewhat equivocal in their nature to the effect that said J. N. Stephens executed two mortgages covering the same debt and in the same amount and payable on the same date; that the first mortgage which appears on p. 22, Record of Mortgages Book 69 in the Probate Office of Barbour County was cancelled of record by the said George M. Forman. The evidence given by the respondent J. N. Stephens is very equivocal and uncertain in respect to this transaction. But upon examination of the entire evidence we have reached the conclusion that said Forman made only one loan to said J. N. Stephens; that the two records of the mortgage were identical in verbiage, for the same amount between the same parties with the same date of execution and due date and that only one mortgage was, in fact, executed. That the recordation of the mortgage on page 24 was an error of the office of the Judge of Probate rather than the bona fide recordation of a separate mortgage. Only one mortgage was accounted for in the transaction between D. D. Stephens and Forman's agents and that was offered in evidence. The endorsement of the recording officer as to the date of its recordation is left in blank. Only one such endorsement was made.

We are at the conclusion, therefore, that only one mortgage was executed. That said mortgage has been paid in full and cancelled of record in the office of the Judge of Probate of Barbour County and this was the condition of the record when the defendant Ezzie Morris purchased the land from Stephens. We are further at the conclusion that the evidence in this case shows a covenous and collusive proceeding between J. N. Stephens and his brother to defeat the claim and right of the said Ezzie Morris in the land involved in this litigation. As before stated, there is no effort on the part of anyone in this case to foreclose the alleged purchase-money mortgage. It was not produced in evidence and could not be accounted for. The said D. D. Stephens makes no claim of any debt due from Ezzie Morris or any obligation of Ezzie Morris to pay any part of the indebtedness claimed to be due from J. N. Stephens on the Forman Mortgage.

We are further at the conclusion that Ezzie Morris and his mother made full payment of the purchase money on said land and that said mortgage was probably delivered to Mary Morris when the last payment was made. The undisputed evidence shows that the entry on the record of the mortgage on page 22 of book 69 was made by the said George M. Forman and that there is no other entry of any kind on said record, which would tend to rebut the presumption of full payment of the purchase money arising from the lapse of twenty years or more. The evidence is further without dispute that the defendant Ezzie Morris and his mother have been in the actual, open, notorious adverse possession of said property for more than twenty years previous to the institution of said ejectment suit against the said Mary Morris and the filing of the bill in this case. .

Under the doctrine of prescription, "In such case the court, for the repose of society, will presume any state of the title in order to maintain a status of parties and property so long allowed to remain undisturbed." Kidd et al. v. Borum, 181 Ala. 144, 162, 61 So. 100, 106, Ann.Cas.1915 C, 1226; Bates v. Southern R. Co., 222 Ala. 445, 133 So. 39; Moore v. Elliott, 217 Ala. 339, 116 So. 346.

Under the facts in this case we hold that said J. N. Stephens and his brother are estopped to seek foreclosure of the Forman mortgage. If it should be assumed that there is a balance due on said Forman mortgage, to foreclose said mortgage as against Ezzie Morris to whom J. N. Stephens sold the property and received the

purchase money therefor, would be contrary to equity and justice.

The decree of the circuit court, therefore, is reversed insofar as it grants relief to the complainant D. D. Stephens on his bill filed as above stated and relief is denied to said D. D. Stephens. It is further ordered that said mortgage recorded on pages 22 and 24 of Record of Mortgages Book 69 in Barbour County, Alabama be cancelled of record. The Register of the Circuit Court of said county is directed to enter upon said record the cancellation of said mortgage by order and decree of this court. It is further ordered and decreed that the deed executed by J. N. Stephens and wife to D. D. Stephens on Sept. 16, 1937, be and the same is cancelled of record. The register of the circuit court is directed to enter such cancellation upon the record of said deed in the office of the Judge of Probate of Barbour County. The decree insofar as it grants to Ezzie Morris a reformation of the deed executed by J. N. Stephens and wife to him on December 21, 1920, is corrected so as to describe the land in said deed as the same is described in the mortgage of Forman, to wit: "The S½ of NE-1/4 of NE-1/4 and N½ of SE-1/4 of NE-1/4, Section 36, Township 9, Range 24 and all that part of N½ of NW-1/4 of NW-1/4, Section 31, Township 9, Range 25, lying North of Redding Mill Creek, containing in all 70 acres more or less being, lying and situated in the County of Barbour and State of Alabama and known as the W. A. Jones' 70 Acres."

The condition attaching and declared in said decree making the reformation and correction of said deed conditioned upon Ezzie Morris paying any part of the money alleged to be due D. D. Stephens or J. N. Stephens is stricken from said decree and said reformation is made absolute. The title to said property as above described in said corrected description is settled in and to said property in said Ezzie Morris as against all persons made parties to this suit.

Reversed and rendered in part and in part corrected and affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.