# Jordan v. Smith.

## Ejectment.

(Decided December 4, 1913. Rehearing denied February 5, 1914. 64 South. 317.)

1. *Adverse Possession; Evidence; Basis of Title.*—Evidence of an agreement as to a boundary line relied on by the ancestor through whom defendant in ejectment claimed title by inheritance, was admissible as tending to show the character of the ancestor's possession and claim, and consequently, the bona fides of defendant's claim as the basis of title by adverse possession, although such agreement could not bind the grantees in a prior deed under which plaintiff claims.

2. *Same; Bona Fides; Instruction.*—Where defendant in ejectment claimed by adverse possession under claim of title derived by inheritance, relied in part upon a period antedating the passage of section 2830, Code 1907, it was error to charge to find for defendant predicating a verdict upon an adverse possession by him without regard to the bona fides of his claim by inheritance.

3. *Same; Extent.*—Where it appeared that the father claimed under a boundary line agreement executed in 1882, and defendant claimed by adverse possession under color of title from his father by inheritance, and it appeared that although defendant was in possession continuously thereafter, he was a mere remaindeman until the termination of the life estate in 1896, a charge submitting to the jury whether his possesion under the agreement made in 1882, was "thereafter" of such a character as to give him title, was misleading.

4. *Same; Record; Exceptions.*—Where defendant proved possession by his ancestor under claim of right followed by his possession after the death of the ancestor, he made a prima facie case of claim by inheritance, and it was not essential that he should make formal claim before the passage of section 2030, Code 1907, to get the benefits of said section.

5. *Same; Directing Verdict.*—Where defendant's evidence of adverse possession was such that the jury might have found the entire issue in his favor, plaintiff was not entitled to the affirmative charge, although defendant's evidence was in conflict.

6. *Same; Possession of Plaintiff's Grantor.*—Where defendant in ejectment claimed by adverse possession, and the question of possession was in issue, it was competent to show that the grantor of plaintiff was not in possession when he conveyed to plaintiff in 1911.

7. *Trial; Argument of Counsel.*—The remarks considered in connection with the evidence, and it is held not to be error.

8. *Appeal and Error; Review; Good In Part.*—Where the oral charge contains several judicial statements, some of which were clearly correct, an exception which did not point out the obnoxious portion, but was of a general nature to the charge as a whole, cannot be considered on appeal.

9. *Same; Misleading.*—Where plaintiff failed to request an explanatory charge, plaintiff could not complain of certain instructions as being misleading.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by Kate Appleton Jordan against R. R. Smith. Judgment for defendant and plaintiff appeals. Affirmed.

HUGH REID, and CULLI & MARTIN, for appellant. Under the evidence there could be no adverse possession of these lands as against the remaindermen until after the termination of the life estate.—*Gindrat v. Wes. Ry.,* 96 Ala. 162. Defendant failed to discharge the burden of proof resting upon him under his claim of adverse possession.—*Scales v. Otts,* 127 Ala. 582; *Walker v. Wyman,* 157 Ala. 478; *Brasher v. Shelby I. Co.,* 144 Ala. 659. It is essential that the party claiming under adverse possession show that he is within the provision of the adverse statute.—*Mahan v. Smith,* 151 Ala. 482; *Frick v. Harper,* 155 Ala. 331. The court erred in over-

ruling objections to defendant's argument.—*Roden v. State,* 58 South. 72. There was error in the court's oral charge.—*Walker v. Wyman, supra; Frick v. Harper, supra.* Counsel discuss other charges given and refused with the insistence that error intervened.—*Chastang v. Chastang,* 141 Ala. 458; *Anniston v. Edmundson,* 145 Ala. 557.

McCONNELL & CONNER, and HUNT & HUNT, for appellee. On the question of adverse possession attention is called to the following cases.—*Pittman v. Pittman,* 124 Ala. 306; *Hess v. Rudder,* 117 Ala. 525; *Holt v. Adams,* 121 Ala. 666. On the question of evidence attention is directed to the following cases.—*Barrett v. Kelly,* 131 Ala. 378; *Dorlan v. Wescovitch,* 140 Ala. 283. No error intervened.

SOMERVILLE, J.—The action is ejectment, and the only land in dispute is a 30-foot strip on the south side of section 2, township 11, range 9, in Cherokee county.

Plaintiff showed a regular paper title to the S. ½ of the S. E. ¼ of section 2, and defendant's title to the northern part of section 11, just south of plaintiff's land, was without dispute. Defendant claimed the disputed strip solely by virtue of adverse possession, and the decisive question of law in the case is whether his possession was adverse and effectual to defeat plaintiff's title, in the absence of a declaration of adverse claim filed as required by sections 1541-1545, Code of 1896.

William McElrath, the original owner of section 2, conveyed the S. E. ¼ thereof to his son Thomas for life, with remainder to the latter's children, by deed executed and recorded in 1878; that deed being in plaintiff's chain of title. James Smith, defendant's father, purchased the adjoining land in section 11 from Samuel

McElrath in 1882. James Smith died in 1886, and there was evidence from which the jury might have found that he and his heirs were in open and exclusive possession of the disputed strip under claim of right from 1882 down to the day of the trial. It appears that this possession was individualized in defendant about 1907, when, by partition among his father's heirs, he took the lands adjoining the William McElrath lands.

Under sections 1541-1545, Code 1896, no one could hold adverse possession of land without filing, as required, his declaration of claim, unless he had color of title, or claimed bona fide by purchase or inheritance. Neither James Smith nor his heirs ever had any color of title to this strip, nor was there any semblance of a purchase by them. But if the father, James Smith, died in possession of it, claiming to own it, and his heirs then took possession of it under a bona fide claim of inheritance, which is inferable from the evidence, then their possession became adverse to Thomas McElrath, the life tenant, at once, and to his heirs, the remaindermen, upon the termination of the life estate in 1896, without filing of the statutory declaration.

So the main issues were: (1) Possession by defendant's father under claim of right when he died in 1886; (2) entry thereafter by defendant or his coheirs under bona fide claim of inheritance from James Smith; and (3) actual possession by them continually for ten years subsequent to 1896, with all the elements necessary to render their possession adverse in law and in fact.

As bearing directly upon the first two issues, it was undoubtedly proper for defendant to show that his father, by agreement with William McElrath in 1882, established a boundary line between them by which the former received, and under which he took possession of, the 30-foot strip in question. Of course that agree-

ment had no effect on the title, and could not bind the grantees in William McElrath's deed executed four years before; but it was competent evidence to show the character of Smith's possession and claim, and consequently the bona fides of the claim of his heirs as owners by inheritance.

The bona fides of this claim on the part of defendant and his privies in possession was under the evidence a jury question, resting in debatable inference, and should have been submitted to the jury by the trial court as an essential prerequisite to the adverseness and efficiency of their possession.—*Holt v. Adams,* 121 Ala. 664, 669, 670, 25 South. 716. This applies to that period of possession prior to the operation of section 2830 of the Code of 1907. That section amending the former statutes (sections 1541-1546, Code 1896), dispenses with the recordation of color of title otherwise prescribed, in favor of one who "derives title by descent cast or devise from a predecessor in the title who was in possession of the land," thereby eliminating bona. fides as a necessary element of the possessor's claim.. Nevertheless, defendant's alleged title by adverse possession necessarily rested in part upon the period antedating the present statute, and it was governed to that extent by the former statutes. The trial court in its oral charge to the jury apparently predicated a verdict for defendant merely upon an adverse possession by him, without regard to the bona fides of his claim by inheritance. The charge thus, it seems, disregarded an essential issue in the case, and was doubtless prejudicial to plaintiff.

It appears also that the trial court in its oral charge submitted to the jury the question whether the Smith's. possession under the alleged agreement with William. McElrath, made in 1882, was thereafter of such a char-

acter as to give them the title. Of course, as conferring title, the Smiths' possession prior to 1896 could not properly be considered by the jury, and this part of the charge was misleading, if not erroneous.

However, in making exceptions to the oral charge, the obnoxious portions were not pointed out to the court, but in each case were merely a part of a large mass of judicial statements, some of which were clearly correct and unobjectionable. As repeatedly held by our decisions, such exceptions, not directed specifically to the objectionable parts of the charge, cannot be sustained.

Although the remarks of the court on the statute of repose of 20 years were abstract, and possibly were of a misleading tendency, they are not a ground for reversal. Plaintiff's proper recourse was to request an explanatory charge. Morever, the exception to these remarks was also subject to the infirmity just above stated.

Plaintiff's counsel assert in argument that defendant did not claim by inheritance, and hence was not within the exception of the statute. It was not necessary that he should make a formal claim to that effect. Proof of possession by the ancestor under claim of right, followed by possession of the heir after the ancestor's death, is prima facie evidence of the heir's claim by inheritance.

The evidence relating to adverse possession was conflicting, especially with respect to its exclusiveness and its actual extent. But there was testimony upon which the jury might have properly found the entire issue for defendant, and plaintiff was not entitled to the general affirmative instructions requested.

The possession of the land being in issue, it was competent for defendant to show that plaintiff's grantor was not in possession when he conveyed to plaintiff in 1911.

There was no error in permitting the statement of defendant's counsel in argument that defendant's possession began in 1882 under the agreement between the McElraths and James Smith, and had continued since that time. That fact was in evidence, and was material, as already shown, to some of the issues in the case. Of course it was not adverse to plaintiff's predecessors in estate until the termination of Thomas McElrath's life estate in 1896, but this was not asserted by counsel in the statement objected to.

What we have said disposes of all the assignments of error adversely to appellant, and the judgment must accordingly be affirmed.

Affirmed.

Dowdell, C. J., and McClellan and Sayre, JJ., concur.