# Childs *v.* Floyd, *et al.*

*Ejectment.*

(Decided November 7, 1914.   66 South. 473.)

*Adverse Possession; Notice; Failure to Give.*—Where defendants held possession of lands from 1895 to 1913, under a bona fide claim of inheritance, asserting that their ancestor was in possession, while in fact, such ancestor had only an estate by curtesy, defendants' holding ripened into an adverse title prior to the adoption of the Code of 1907, and as section 1541, Code 1896, did not require filing of notice in such cases, defendants were not required to file such notice, and they held an adverse claim, although they failed to file the notice required by the Code of 1907.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by W. A. Childs against S. C. Floyd and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The suit is for 80 acres of land, which was originally owned by B. E. Floyd, who deeded it to his wife, M. G. Floyd, in 1880, he and his wife thereafterwards occupying it jointly as their homestead until the death of the wife in 1887. B. E. Floyd then married a second time, his wife being S. C. Floyd, and to this union several children were born. They continued to live on the land until B. E. Floyd died in 1895. According to the undisputed testimony of the widow, B. E. Floyd claimed to own the land while she lived on it with him, and told her to stay there, pay the taxes, and raise the children on it. He had no other land, and after his death she and her two children occupied the land, claiming it and using it as their own, and paid taxes on it regularly down to date. This widow and children are now defendants here, and their claim of title is based upon their adverse possession of more than 10 years after the death of the life tenant. By his first marriage B. E. Floyd left surviving him two

[Childs v. Floyd, et al.]

children, the heirs of his first wife. Plaintiff was the husband of one of these children, Lizzie, now deceased, and as surviving husband, he claims a life estate in her undivided one-half interest in the land by descent from her mother, said M. G. Floyd. Plaintiff did not discover that he had any claim to the land until 1913, and prior thereto neither he nor any one else had claimed the land or objected to defendant's possession or acts of owner-ship. There was no evidence that defendant filed notice of their claim as required by section 1541, Code 1896, nor any color of title as required by section 2830, Code 1907. The plaintiff moved for a new trial after a verdict for defendant and judgment thereon, on the ground that the evidence was not sufficient to support the verdict, and that the verdict was contrary to the law and the evi-dence, and plaintiff appealed from the judgment overrul-ing his motion.

A. C. WORTHY, for appellant. The title being in pos-session of the wife of Floyd, the possession is referred to title, and does not show adverse possession as between Floyd and his wife.—*Anglin v. Flowers*, 142 Ala. 264; *Larkin v. Beatty*, 111 Ala. 303; *Allen v. Hamilton*, 109 Ala. 634. The husband held only by curtesy, and the adverse possession against the remaindermen was not sufficiently shown.—*Pickett v. Pope*, 74 Ala. 122. De-fendants were not exempted by the provisions of § 1541, Code 1896, from filing the notice of their adverse claim. —*Brasher v. Shelby I. Wks.*, 144 Ala. 659.

JOHN H. WILKERSON, for appellee. The holding by another adversely to the remainderman, after the death of the life tenant, may become adverse and ripen into title.—*Pciket v. Pope*, 74 Ala. 122; *Pendley v. Madison*, 83 Ala. 484; 1 Cyc. 1057. The possession was under bona fide claim of inheritance, and had ripened into title be-

fore the adoption of the Code of 1907, and hence, no notice of the adverse claim was necessary to be filed.— § 1541, Code 1896.

.SOMERVILLE, J.—On the undisputed evidence, the defendants had such possession of the land in question from 1895 to 1913 as would ripen into title against the plaintiff's claim, provided they come within the exception to the statute (Code 1896, § 1541) dispensing with the filing of notice of their adverse claim in the office of the judge of probate. Under that statute—in force until the adoption of the new Code in 1908—they were not required to file such notice of claim if they entered upon the land under a "bona fide claim of inheritance." The evidence amply supports a finding that they were such claimants.—*Jordan v. Smith,* 185 Ala. 591, 64 South. 317.

It was of course not necessary that their ancestor had a good title, nor that he believed he had a good title. Nor was it material to this inquiry that his possession— being that of life tenant by curtesy—could not become adverse to the remaindermen.

As the jury might have found that the defendants' title was perfected by adverse possession after 1905, and prior to 1908, it is not necessary to discuss the operation of section 2830 of the Code of 1907, though it seems clear that under its changed provisions the defendants' possession would have remained adverse and effective, since they derived title by descent cast from an ancestor who, according to the evidence, died in possession of the land, which he claimed to own while alive.

We conclude that the trial court did not err in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.