# Childs *v.* Floyd, *et al.*

## *Ejectment.*

(Decided November 4, 1915.  70 South. 121.)

1. *Adverse Possession; Holders; Rights.*—Where defendants after the death of their ancestor, who was in possession, held the land adversely under a bona fide claim of inheritance for the period of limitation, they acquired the fee, notwithstanding the fact that their ancestors had only a life estate.

2. *Same; Running of Statute; Change.*—A claim of ownership by adverse holders prior to the year 1908, is not affected by the new provision of section 2830, Code 1907, which went into effect in the year 1908.

APPEAL from Pike County Court.

Heard before Hon. H. A. PEARCE.

Ejectment by W. A. Childs against S. C. Floyd and another.  Judgment for defendant and plaintiff appeals. Affirmed.

A. C. WORTHY, for appellant.

JOHN H. WILKINSON, for appelllee.

· SAYRE, J.—(1, 2) The evidence tended very clearly to show that since the death of B. E. Floyd in 1895 the land in suit had been held by defendants adversely under a bona fide claim of inheritance from said B. E. Floyd.  During this period their claim of title was not complicated by any question of tenancy in common, nor by the fact that their ancestor had only a life estate, for, by virtue of their claim through their ancestor, who died in possession, claiming ownership, and their adverse possession under that claim, they owned the fee which they claimed or they had no interest whatever in the land.  Nor was their claim of ownership, prior to 1908,

[Adams, et al. v. Bibby, et al.]

affected by the new provisions of section 2830 of the Code of 1907, which went into effect in that year. The case was properly submitted to the jury for decision on defendants' claim of title by adverse possession. All this, substantially, we held in *Child v. Floyd,* 188 Ala. 556, 66 South. 473.

There was no merit in the objections to evidence. It is entirely plain that no interested witness was allowed to testify as to any transaction with or communication by any deceased person whose estate was interested in the result of the suit.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.