(80 South. 35)
JONES et al. v. RUTLEDGE et al.
(5 Div. 706.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. TENANCY IN COMMON ⊜⟶15(1) — ADVERSE POSSESSION—PRESUMPTION.

Where children, after death of father, continued in possession of land for over 20 years, exercising acts of ownership and claiming land as their own, to the exclusion of grandchildren, without any claim of ownership by such grandchildren, the former acquired an exclusive title by prescription, which was not affected by an application, after the passage of such time, to the grandchildren for a quitclaim.

2. ADVERSE POSSESSION ⊜⟶32 — FILING NOTICE OF CLAIM—STATUTES.

Code 1907, § 2830 (Code 1896, § 1541), requiring one claiming by adverse possession to file notice, does not apply to a claim of title by prescription or claim by inheritance.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Bill by Lovick Rutledge and others against Annie Jones and others for partition of land. Decree for plaintiffs, and defendants appeal. Reversed, rendered, and remanded.

Norman & Rainer, of Union Springs, for appellants.

Frank M. De Graffenried, of Seale, and Denson & Sons, of Opelika, for appellees.

SAYRE, J. [1] By their bill in this cause, filed in 1913, appellees claimed the right to a sale for partition on the ground that they, as grandchildren, and appellants, as children, had inherited the property in controversy from Anderson G. Jones, deceased. The parties were so related to their common ancestor; but that ancestor died in 1883, and upon considering the evidence with due care our opinion is that for more than 20, probably for nearly as long as 30 years, defendants and those under whom in part they claim, and others claiming in privity with them as their agents, have been continuously in possession, exercising acts of ownership, and claiming the land as their own, to the exclusion of appellees, and in

such sort, generally, as to make the doctrine of Miller v. Vizzard Investment Co., 195 Ala. 467, 70 South. 639, Kidd v. Borum, 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226, and some other of our cases, clearly applicable; that is, in such way as to vest title in appellants by prescription as against appellees, nothwithstanding it should be conceded, as appellees contend, that title has not passed to them through other channels.

It seems to be a fact that recently before this bill was filed the brother of appellants, and cotenant with them, who for many years had controlled the property for them and himself, on an occasion when they desired to negotiate a loan on the property, and presumably found an obstacle in the cloudy state of the title, applied to some of appellees for a quitclaim; but this, under the circumstances, we do not look upon as an admission that appellees had any meritorious claim to the property. It appears rather to have implied an assertion, on the part of the cotenant making the application, of the fact, until then commonly accepted among the descendants of Anderson G. Jones, that the moral ownership, if not the strict legal title, of the property in question, was in these appellants.

[2] Nor was the claim of appellants affected by section 2830 of the Code of 1907, or its predecessor, section 1541 in the Code of 1896. To a claim of title by prescription those sections are irrelevant. And, apart from the question of prescription, appellants claimed by inheritance, and to them, in that aspect of the case, the statute has no application. Childs v. Floyd, 188 Ala. 556, 66 South. 473; Sledge v. Singley, 139 Ala. 346, 37 South. 98.

Nor can the various assessments for taxes have the effect of invalidating the claim of appellants. They would have signified little —would not have been at all conclusive—had they been made by appellants. They were not shown to have been made by appellants, and cannot be considered against them.

Wherefore, without useless discussion of the evidence, we hold that, on the evidence, the bill should have been dismissed in the circuit court, sitting in equity. A decree to that effect will be rendered here.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.