SMITH et al. v. SMITH et al.　(8 Div. 669.)

(Supreme Court of Alabama.　Nov. 5, 1925.)

1. Tenancy in common ⊙⟹15(6) — Cotenant held not to acquire title to common property as against other cotenants.

Cotenant *held* not to acquire title to common property, either by adverse possession or prescription, as against her cotenants, under alleged verbal agreement that in consideration of her caring for other cotenants during remainder of their lives she could have entire property, where there was no deed or other writing or color of title, and for most part lands were assessed for taxes in name of all cotenants and rents received held to benefit of all; title not being derived by descent cast or by devise from predecessor in title who was in possession, within Code 1907, § 2830 (Code 1923, § 6069).

2. Adverse possession ⊙⟹32—Adverse possession statute does not affect claim by prescription.

Code 1907, § 2830 (Code 1923, § 6069), relating to adverse possession, does not affect a claim by prescription.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by J. G. Smith and another against Lydia Smith and others for sale of lands for division among joint owners or tenants in common. From a decree for complainants, respondents appeal. Affirmed.

John A. Lusk, of Guntersville, for appellants.

Under the statute of repose, there is no exception requiring a longer adverse possession that that of 20 years. 2 Mayf. Dig. 75; 5 Mayf. Dig. 14; 6 Mayf. Dig. 14; 7 Mayf. Dig. 11; 1 A. L. R. 1329. Actual possession is notice of hostile claim, and is sufficient to put into operation the statute of limitations. Gerald v. Hayes, 205 Ala. 105, 87 So. 351. Cotenants can hold adversely. Freeman on Cotenancy, §§ 236, 242; Miller v. Vizard Inv. Co., 195 Ala. 467, 70 So. 639; Turner v. Turner, 202 Ala. 515, 81 So. 17.

Boykin & Peters, of Gadsden, and Isbell & Scruggs, of Guntersville, for appellees.

A parol gift of lands, if shown, would be void. Code 1907, § 4289; Code 1923, § 8034. Louisa Pace did not put herself in position to set up adverse possession. Code 1907, § 2830; Earnest v. Fite, 211 Ala. 363, 100 So. 637. Possession of one tenant in common is the possession of all. Scotch Lbr. Co. v. Sage, 132 Ala. 598, 32 So. 607, 90 Am. St. Rep. 932; Ashford v. Ashford, 136 Ala. 631, 34 So. 10, 96 Am. St. Rep. 82; Jellerson v. Pettus, 132 Ala. 671, 32 So. 663.

GARDNER, J. The bill in this case was filed by appellees against appellants seeking a sale of 170 acres of land for division among the parties as tenants in common. The parties are descendants of one Claiborn Smith. The title to 80 acres of the land is traced to Priscilla Smith, a daughter of said Claiborn, and the remaining 90 acres were entered by Claiborn Smith. The trial court found, in accordance with respondents' insistence, that in 1885 Claiborn Smith conveyed to his daughters, Helen and Louisa Smith, 40 acres of the 90 owned by him, and the remaining 50 acres he conveyed to his daughter Priscilla. The title to the entire tract, therefore, by this finding, vested in the three sisters, with interest as indicated. Louisa Smith married one Pace, and as Louisa Pace she devised all of her estate to respondent Lydia Smith, who had married Frank Smith, a nephew of said Louisa.

The parties complainant claim by inheritance from the above-mentioned sisters, daughters of Claiborn Smith. The matter of this descent and the respective interest of the parties is somewhat complicated, and no occasion here arises for a detail statement thereof. That the learned chancellor in the decree as subsequently modified has correctly ascertained these respective interests does not appear to be seriously questioned by counsel for appellants.

[1] The real litigated question in the case relates to the insistence on the part of Lydia Smith, devisee of Louisa Pace, that during the lifetime of said Louisa Pace the latter acquired the entire fee to all the lands by adverse possession, by reason of a verbal agreement entered into with her sisters, Helen and Priscilla, that in consideration of said Louisa caring for them during the remainder of their lives she could have the entire lands, and long possession following such agreement. The court below concluded against this insistence, and we think correctly so. There was no deed or other writing, or color of title, and for the most part the lands were assessed for taxes in the name of the "Smith sisters." Nor can the title thus sought to be established be said to come within the third class as by descent cast or devise from a predecessor in title who was in possession of the land. Section 2830, Code 1907 (section 6069, Code 1923). That there had been no perfection of title by adverse possession prior to the adoption of the Code of 1907 is very clear. Under the circumstances here shown the above-noted statute applies, and the case is brought within the influence of the recent case of Earnest v. Fite, 211 Ala. 363, 100 So. 637.

For a long number of years these three sisters lived on portions of this land, cultivating fractions thereof or living with some one who did, and other portions were rented from time to time. The rents received were small sums, which, as we gather from the evidence, were on an average hardly sufficient to pay the taxes, or in any event went for the benefit of all. As previously stated, for the larger portion of the time the lands were assessed for taxes in the name of the "Smith sisters." Very clearly, there is not shown exclusive, uncontested reception and retention of rents and profits by Louisa Pace, from which an ouster of her cotenants might be inferred. Turner v. Turner, 202 Ala. 515, 81 So. 17.

[2] While a claim by prescription is not affected by the above-noted statute as to adverse possession (Jones v. Rutledge, 202 Ala. 213, 80 So. 35), yet our conclusion is no title by prescription is here established by the proof.

It results the defense of title by adverse possession or prescription in Louisa Pace fails, and the trial court properly decreed the lands sold for division. Let the decree to this effect accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.