(112 So. 905)
SHEPHERD v. SCOTT'S CHAPEL, A. M. E. ZION CHURCH. (6 Div. 646.)

Supreme Court of Alabama. May 12, 1927.

1. **Appeal and error** ⚖️850(1)—**Supreme Court may determine whether evidence sustains judgment, notwithstanding special findings of fact (Code 1923, § 9500).**

Notwithstanding that special findings of fact are requested and given, under Code 1923, § 9500, in reviewing case Supreme Court may determine whether the judgment is sustained by the evidence.

2. **Adverse possession** ⚖️114(2)—**Finding that church had title by adverse possession to strip involved in boundary dispute held sustained by evidence.**

Evidence *held* sufficient to sustain finding that church had title by adverse possession to strip of land involved in boundary dispute, it having had continuous, actual, open, undisturbed, hostile possession, under claim of ownership, for over 40 years.

3. **Adverse possession** ⚖️33, 38—**Openness, notoriety, and exclusiveness of possession are shown by acts comporting with ownership and ordinarily done by owner for own use and to exclude others.**

The elements of adverse possession of openness, notoriety, and exclusiveness of possession are shown by acts which at the time, considering the state of the land, comport with ownership, such as would ordinarily be done by an owner for his own use and for the exclusion of others, and acts evidencing hostility to all the world are near akin.

4. **Adverse possession** ⚖️66(1)—**Occupant of strip involved in boundary dispute will be held to have intention requisite to adverse possession, where nothing indicates possession originated in admitted mistake or questions good faith.**

Where there is nothing to indicate that occupant's possession of strip of land involved in boundary dispute originated in admitted mistake, or to question that the occupant had a good-faith belief that the claimed boundary was the true boundary, the occupant will be *held* to have the intention requisite to adverse possession.

5. **Adverse possession** ⚖️10—**Church corporation can acquire title by adverse possession.**

The law permits a church corporation to acquire title to land by means of adverse possession.

────────────

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Post, p. 243.

**6. Adverse possession** ⬤➡85(1)—**Officials of church claiming title by adverse possession may be presumed to have participated in use of land for church purposes for 40 years.**

Where strip of land involved in boundary dispute and claimed by adverse possession was inclosed by parsonage fence and all was used for church purposes continuously for over 40 years, knowledge, acquiescence, and participation by those in charge of the temporal affairs of the church may be presumed.

**7. Adverse possession** ⬤➡113—**Defendant claiming strip of adjoining land by adverse possession might show location of fence, use of land up to it, that witness never heard another claim it, and possession.**

In action of ejectment to recover strip of land involved in boundary dispute, where defendant claimed title to the strip by adverse possession, it might show the location of a fence, the use of the land up to it, that the witness had never heard of any one claiming the disputed strip except the defendant, and that defendant was in possession of it.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action in ejectment by Everett Shepherd against Scott's Chapel, A. M. E. Zion Church. From a judgment for defendant, plaintiff appeals. Affirmed.

Aird & Aird and J. T. McLendon, all of Birmingham, for appellant.

To establish adverse possession which will defeat legal title, it must be shown that the possession was hostile, actual, open, notorious, continuous, and by a claim of right. Lawrence v. State Land Co., 144 Ala. 524, 41 So. 612; Murray v. Hoyle, 97 Ala. 588, 11 So. 797; Ross v. Goodwin, 88 Ala. 390, 6 So. 682; Montgomery & E. R. Co. v. Rutland, 165 Ala. 311, 51 So. 833; 2 C. J. 129; Henry v. Brown, 143 Ala. 446, 39 So. 325; Eagle v. Gibson, 62 Ala. 369; Jones v. Pelham, 84 Ala. 208, 4 So. 22.

In claim of title by adverse possession, intent at the time of entry guides the entry and fixes the character of the entry. Alexander City v. C. of G., 182 Ala. 516, 62 So. 747; Alexander v. Wheeler, 69 Ala. 342. Holding beyond the true line by a coterminous owner is not adverse to the adjoining owner when held in ignorance of the true line with no intention to go beyond the true line, and, no matter how long continued, will not ripen into title by adverse possession. Home Loan Co. v. Calhoun, 213 Ala. 408, 104 So. 797; Holt v. Adams, 121 Ala. 664, 25 So. 718. Acts relied upon to establish title in a corporation by adverse possession must be authorized by the corporation or ratified by it. Mobile & G. R. Co. v. Cogsbill, 85 Ala. 456, 5 So. 189; Stanley v. Coal Co., 83 Ala. 260, 4 So. 34.

Harsh & Harsh and W. T. White, all of Birmingham, for appellee.

Possession of land is a fact to which a witness may testify. Hardy v. Randall, 173 Ala. 516, 55 So. 997; Steed v. Knowles, 97 Ala. 573, 12 So. 75; Eagle Co. v. Gibson, 62 Ala. 372. Corporations, eleemosynary and otherwise, may acquire title by adverse possession. 2 C. J. 228. Gold v. Cozart, 173 N. C. 612, 92 S. E. 600. A bona fide claim up to a division fence is adverse to the true owner, regardless of the fact that the fence may be mistakenly located, and a part of the property embraced in the claim be not owned by the claiming party. Holt v. Adams, 121 Ala. 664, 25 So. 716; Barrett v. Kelly, 131 Ala. 378, 30 So. 824; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; Alexander v. Wheeler, 69 Ala. 332. Acts alone, as well as assertion, are competent evidence to show intention of claimant to claim adverse possession. 2 C. J. 274. Notice to owner of adverse claim need not be actual, but may be presumed from notoriety and nature of possession. Kidd v. Browne, 200 Ala. 299, 76 So. 65. Sections 2830 of the Code of 1907, and 69 of the Code of 1923, have no application to this case. Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Jones v. Rutledge, 202 Ala. 213, 80 So. 35; Bowling v. M. & M. Rwy. Co., 128 Ala. 551, 29 So. 584.

GARDNER, J. Statutory ejectment by appellant against appellee to recover the east 6½ feet of the west 30 feet of lot 18, block 64, according to the Elyton Land Company's survey of the city of Birmingham, Ala.

It was agreed between the parties that plaintiff holds by mesne conveyance paper title derived from the Elyton Land Company to the whole of the west 30 feet of said lot 18, and that defendant holds the paper title derived by mesne conveyance from the Elyton Land Company to lot 19 and the east 20 feet of said lot 18—having acquired title thereto by deed from one Constantine and wife executed to the trustees of the defendant, church, on August 17, 1881, the church being incorporated thereafter on March 13, 1885.

The cause, as to its real merits, was reduced to the question as to whether or not defendant had held possession of the property sued for in such manner and for such period of time as to constitute a complete defense to plaintiff's action.

As appears, the case involves a disputed boundary between coterminous owners and the question of adverse possession as to the property sued for from the time of defendant's purchase in 1881, and it is not insisted on the part of appellant that section 6069 of the Code of 1923, or its progenitors, has any influence upon the case. Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Smith v. Bachus, 201 Ala. 534, 78 So. 888; Jones v. Rutledge, 202 Ala. 213, 80 So. 35; Spragins v. Fitcheard, 206 Ala. 694, 91 So. 793; Cox v. Broderick,

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

208 Ala. 690, 95 So. 186; Ford v. Bradford, 212 Ala. 515, 103 So. 549.

[1] The evidence upon the question of adverse possession was that offered by defendant only—plaintiff offering nothing to the contrary. The cause was tried before the court without a jury, a special finding of facts requested (section 9500, Code of 1923), which request was complied with by the court, and judgment rendered for defendant.

In Jones v. Hines, 205 Ala. 145, 87 So. 531, this court discussed the change made in the above-cited statute, which permits a review of the finding of the court on the facts, notwithstanding a special finding in pursuance of the statute, and in subsequent decisions expressed doubt as to the usefulness of the statute from a practical standpoint. Shaw v. Knight, 212 Ala. 356, 102 So. 701; Smith v. Kennedy, 214 Ala. 427, 108 So. 564.

[2] There are a number of assignments of error, based upon separate statements of fact, as set out in the special finding of facts. A discussion of each of them here would serve no useful purpose, as the question of importance upon this appeal is whether or not the judgment of the trial court was sufficiently sustained by the proof. Authorities, supra. We answer that question in the affirmative. A very brief outline of the facts will suffice. The property purchased for the church in 1881 is situated on the corner of Fourth avenue and Sixteenth street, and upon this corner was the church. Lot 19 is east of lot 18, and directly on the corner. West of the church, and on lot 18, was the parsonage, and within about 2 feet of the parsonage and on the west side was a fence, and the 6½ feet here sued for are within the inclosure of this fence and a great portion thereof covered by the parsonage. The fence extended straight back parallel with the parsonage and with Sixteenth street, and through the property here in question. The parsonage was a frame building, but in 1903 it was rolled straight back from the front and a brick front put on the parsonage. The distance between the parsonage and the fence remained the same, and the improved parsonage is situated in the same place as the original. The fence was there at the time of the purchase by the church in 1881, and remained until removed (by some one not associated with defendant) just a few months prior to the institution of this suit.

The evidence further tended to show that the defendant church remained in possession of this property up to this fence under claim of ownership since the purchase in 1881, using it for the purposes for which it was bought—the church for services and church activities and the parsonage as a residence for the pastor. For a period of more than 40 years the defendant has, under the undisputed proof, been continuously in the actual, open, undisturbed, hostile, and exclusive possession of the property sued for, and under claim of ownership.

[3] Appellant insists, however, that the evidence is insufficient to show the necessary elements of adverse possession, as particularly set forth in Alexander City U. W. H. Co. v. Cent. of Ga. Ry. Co., 182 Ala. 516, 62 So. 745; that adverse possession rests in intention of the possessor; and that the intention "guides the entry and fixes its character."

The argument, we think, overlooks the effect of the evidence as to acts of ownership and use of the property. The defendant made use of this property to the fence for all the period as if the true and sole owner thereof, and, as said in Kidd v. Browne, 200 Ala. 299, 76 So. 65:

"Openness, notoriety, and exclusiveness are shown by acts which at the time, considering the state of the land, comport with ownership, such as would ordinarily be done by an owner for his own use, and for the exclusion of others; * * * and near akin * * * are the acts evidencing the elements of hostility towards all the world."

[4] Upon the question of intention the following excerpt from Hess v. Rudder, 117 Ala. 525, 528, 23 So. 136 (67 Am. St. Rep. 182), is in point:

"Hence it is essential to the proper determination of the character of the possession to consider the intention with which it was taken and held. If one occupies land up to a certain fence because he believes that to be the line of his land, but not having any intention to claim up to the fence, if it should be beyond the line, the intent to claim title does not exist coincident with the possession, and the possession up to the fence is not, therefore, adverse. Where, however, the coterminous owners agree upon a line as the dividing line and occupy up to it, or when one of them builds a fence as the dividing line and occupies and claims to it as such, with knowledge of such claim by the other, the claim is presumptively hostile and the possession adverse."

And, as more directly applicable to the instant case, the following from Hopkins v. Duggar, 204 Ala. 626, 87 So. 103:

"The evidence contains nothing to indicate that the possession of plaintiff, or his predecessors, originated in an admitted possibility of mistake, no intimation of a reason for doubting that plaintiff and his predecessors believed the line of the turn row and ditch was the true line, and upon these facts plaintiff acquired title up to that line, even though the belief as to its correct location originated in a mistake in fact, and, in these circumstances, the title so acquired was not affected by any inquiry as to what plaintiff or his predecessors might or might not have claimed had they known they were or might be mistaken."

So here, there is nothing to indicate the possession of this strip of land originated in any admitted mistake, and nothing to question the good-faith and bona fide belief that the fence was the true line. Under these cir-

cumstances, as above stated, the title thus acquired by adverse possession is not to be affected by any inquiry as to what defendant might or might not have claimed, had it known it was or might be mistaken. See, also, Smith v. Bachus, 201 Ala. 534, 78 So. 888; Hess v. Rudder, Kidd v. Browne, supra. The rule as recognized by these authorities is the generally accepted one. 1 R. C. L. 732.

This long-continued, exclusive, actual possession was questioned by no one until a few months before this suit was filed, and the evidence was sufficient to establish a prima facie presumption of its adverse character, with no rebutting evidence to the contrary. Hess v. Rudder, Kidd v. Browne, supra.

[5, 6] That the defendant, church corporation, can acquire title to property by adverse possession, we think, is well settled by the authorities. 2 Corp. Jur. 228, and cases cited in note. Nor was it necessary to show any action taken in regard thereto by the officials of the church. Clearly, the long-continued, constant use of all this property for church purposes may be assumed to have been with the knowledge and acquiescence of those in charge of its temporal affairs, and that they participated therein. The case of M. & G. R. R. Co. v. Cogsbill, 85 Ala. 456, 5 So. 188, does not militate against this conclusion.

[7] The assignments of error, based upon rulings on evidence, are without merit. It was competent for defendant to show that the fence was immediately west of the parsonage and the church had used the property up to that fence; that the witness never heard of any one making any claim to the property other than defendant. Nor was it error to permit the witness to testify that the defendant was in possession of the property. Driver v. Fitzpatrick, 209 Ala. 34, 95 So. 466.

The case of Hardy v. Randall, 173 Ala. 516, 55 So. 997, cited by counsel for appellant, is not in conflict with Driver v. Fitzpatrick, supra.

The questions pressed for consideration in brief of counsel for appellant have been carefully considered. We find no reversible error in the record, and the judgment will accordingly be here affirmed.

Affirmed.

SAYRE, BOULDIN, and BROWN, JJ., concur.