191 So. 350

### FARNED v. CLEERE.

### 8 Div. 981.

Supreme Court of Alabama.

Oct. 5, 1939.

Jas. L. Orman and W. L. Chenault, both of Russellville, for appellant.

H. H. Hamilton, of Russellville, for appellee.

BOULDIN, Justice.

Euclid Cleere, appellee, brought an action of forcible entry and detainer against Clayton Farned, appellant. The cause was removed to the Law and Equity Court on petition under Section 8024 of the Code, and there tried as a statutory action in the nature of ejectment.

The subject matter was a lot, 157½ feet square, with a small residence and other improvements thereon.

Without question the property was owned by William Farned, Sr., grandfather of both these parties.

In 1899, after the death of William Farned, Sr., his lands were partitioned among his children. In this partition, W. E. Farned, father of Clayton Farned, was allotted a parcel of 53⅓ acres, and Eliza Cleere, mother of Euclid Cleere, was allotted an adjoining parcel of 53⅓ acres. Mrs. Cleere's parcel had no residence for the use of farm tenants. Thereafter, some thirty years before this litigation began, Dr. Cleere, the husband of Eliza Cleere, built a four room residence, a small barn, and dug a well, all located in the north west corner of the tract allotted to W. E. Farned.

The site of this residence, and the curtilage thereof, including barn, well, garden, yard, fruit trees, etc., is the lot now in litigation. No deed or other color of title was ever given to this lot. Plaintiff claims by adverse possession. His evidence tends

to show the residence, and other improvements, were built for the use of tenants cultivating the adjoining farm lands of Mrs. Cleere, and were rented along with these lands and occupied by such tenants from the beginning down to 1937; that possession has always been under claim of ownership with full knowledge of W. E. Farned and this defendant, his son and heir.

Defendant's version is that the entry and possession thereunder were permissive and never hostile or adverse.

Appellant's argument is directed to the point that plaintiff failed to make out a case, and defendant was due the affirmative charge.

■ Reliance is had on Code, § 6069, defining adverse possession. No color of title, nor separate listing this parcel for taxes, as required by this section, appears.

Wanting these does not cut off evidence of adverse possession if the party "derives title by descent cast or devise from a predecessor in the title who was in the possession of the land."

■ If the possession and claim of title was in plaintiff's father, Dr. Cleere, at the time of his death in 1920, and thereafter possession and title was claimed through him by his widow and son, their possession would ripen into title within ten years. But if possession was taken and title claimed in Mrs. Cleere, in connection with and as accessory to her adjoining farm, plaintiff's claim by descent cast with hostile possession for a period of some four or five years, would not ripen into title. Jordan v. Smith, 185 Ala. 591, 64 So. 317.

This issue, however, seems not to have been considered or submitted to the jury.

■ It appears that when the partition deed to W. E. Farned was executed in 1899, his sister, Mrs. Cleere, did not join in the deed. But in 1919, she and her husband executed a quitclaim deed reciting this was an oversight, and a deed then executed to clear up the title in W. E. Farned. This deed conveys the 53⅓ acres allotted on partition, and makes no exception of the lot here involved. Appellant relies upon Dan-

iels et al. v. Williams, et al., 177 Ala. 140, 58 So. 419, and like cases declaring the principle that on the conveyance of lands passing an immediate right of possession, any further holding of possession by the grantor is by sufferance, and cannot become adverse unless and until the grantor repudiates the grantee's title, and brings home to the grantee knowledge of a hostile and adverse possession.

If, in fact, at the time this quitclaim deed was executed for the purposes stated, the Cleeres were holding and claiming ownership of this lot, and this possession was continued in all respects as before, with the knowledge of W. E. Farned, it became a jury question whether the subsequent possession was also adverse.

All questions of the statute and of this deed aside, we are of opinion a jury question was presented on another phase of the evidence.

■ Plaintiff's evidence tended to show that this defendant rented these premises along with Mrs. Cleere's farm, and occupied them as a tenant, just as other tenants theretofore, and thereafter, for a period of more than ten years after the death of Dr. Cleere. There was conflict between plaintiff and defendant on this point.

If plaintiff's version be accepted, title by adverse possession ripened in the landlord as against this defendant. The statute was never designed to strike down the well grounded principle that the possession of the tenant is the possession of his landlord, is in recognition of the latter's title.

Evidence tends to show this possession was subsequent to the deed of 1919, and adverse to the title he now claims and asserts.

True, he was not holding over following such tenancy when this suit was filed. He had removed from the property for some four or five years, during which the Cleeres rented it to other tenants. Then in 1937 defendant re-entered, claiming by inheritance from his father.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.