6 So.2d 409

### ALFORD v. RODGERS.

3 Div. 349.

Supreme Court of Alabama.

Jan. 22, 1942.

Rehearing Denied March 5, 1942.

McMillan, Caffey & McMillan, of Brewton, for appellant.

H. C. Rankin, of Brewton, for appellee.

FOSTER, Justice.

The question of legal importance in this case may be thus stated and explained. Plaintiff, suing to recover a small plot of land approximately two acres, asserts title acquired by adverse possession for the prescription period of twenty years without color of title, claim of purchase or inheritance, or other condition required by Title 7, section 828, Code of 1940, but upon the mistaken assumption that it was a part of a tract which he had bought and occupied throughout those years. He sold, conveyed and surrendered possession of the land according to the description by which he bought it, but such description did not include the plot of land in question.

The land bought and sold as described was in part immediately south of the disputed area, which separated it from the public road on the north. Plaintiff claimed to the road on the assumption that such was the north boundary line of his land, as did his grantor. But he concedes that it was not his north line, and such is necessary to support his present title, for he has sold his land as it was described in his purchase. Likewise defendant claims that it was not a part of plaintiff's land as purchased, and he claims it under a chain of title inconsistent with that idea. So that they both admit that the land is in section 11, immediately north of section 14, in which is situated the land included in plaintiff's deed. Each admit that the road is not the section line between 11 and 14, and that the disputed area is not in the description of the land sold by the plaintiff.

The question then is whether the acquisition of the land by adverse possession, or the fixation of plaintiff's north boundary line by adverse possession caused such area to be conveyed by plaintiff in the transaction we have stated.

It is of course well understood that as between respective claimants a boundary line may be established by adverse possession by which one party may thus acquire land extending to that line which would not otherwise have been his, and thereby may thus cause a strip of land to be attached to his holdings. Brantley v. Helton, 224 Ala. 93, 139 So. 283; Branyon v. Kirk, 238 Ala. 321, 191 So. 345. See Code of 1940, Title 7, section 828, page 713, where the cases are cited. This statute does not prescribe a limitation on the right acquired by the twenty year prescription period of adverse possession. Jones v. Rutledge, 202 Ala. 213, 80 So. 35; Smith v. Smith, 213 Ala. 670, 106 So. 194; Earnest

v. Fite, 211 Ala. 363, 100 So. 637; Stearnes v. Woodall, 218 Ala. 128, 117 So. 643.

And if a conveyance of his holding is sufficient to include the strip thus acquired, it will pass under it. But what is the result if the description in the conveyance is not sufficient to include this acquired strip? That is our question here.

It is of course true that no act or even agreement of the parties can take the land out of section 11 and put it in section 14. And while the boundary line between adjacent land owners may be fixed and changed by agreement or by adverse possession, they cannot relocate a section line as surveyed by the Government surveyors. So that if the land was in section 11 as thus surveyed, it has so remained and still is thus situated. And the parties both treat it so. It follows that a conveyance of land described as in section 14 does not on its face include land in section 11. But can it be treated as an appurtenant to the land in section 14, so as to pass with a conveyance of it?

This question has been treated by the authorities which declare that as a rule a grantee can acquire by his deed only the land described in it, and does not acquire by way of appurtenant land outside such description. But that when a boundary line is mobile, such as a water course—though it may shift—a deed conveys the land up to such shifting line as it does up to a fixed line. Jones v. Johnston, 18 How. 150, 15 L.Ed. 320.

This principle seems to include accretions arising from imperceptible changes in water courses, though the land is described by the lot number when the water course is a boundary line of that lot by such number, and includes that which was thus added without other description. Jefferis v. East Omaha Land Co., 134 U.S. 178, 10 S. Ct. 518, 33 L.Ed. 872; 16 Amer.Jur. 605, section 295.

But it has been held that this principle would not justify the inclusion of an area acquired by accretion when the deed described the property conveyed by well defined markers not embracing the disputed area, since such a description discloses on its face an intention to convey a parcel which does not include that area. Houston Bros. v. Grant, 112 Miss. 465, 73 So. 284, Ann.Cas.1918E, 243.

And so when the land is described by Government numbers, the deed does not purport to convey an area outside of such described land. For in Humphreys v. McKissock, 140 U.S. 304, 11 S.Ct. 779, 781, 35 L.Ed. 473, it was said, quoting from Woodhull v. Rosenthal, 61 N.Y. 382, 390, that "land can never be appurtenant to other land, or pass with it as belonging to it. All that can be reasonably claimed is that the word 'appurtenance' will carry with it easements and servitudes used and enjoyed with the lands for whose benefit they were created. Even an easement will not pass unless it is necessary to the enjoyment of the thing granted."

This does not conflict with the principle that when shifting boundaries gradually change, the tract embraces land thereby added.

The result is that the court correctly ruled that plaintiff's conveyance of his land in section 14 did not pass what rights he had to other land in section 11, acquired by adverse possession for the prescriptive period of twenty years. He properly submitted to the jury the question of whether plaintiff had adverse possession of the disputed area for such period, and his further holding was proper that if they so found, plaintiff was the owner of the area thereby acquired, and that it was not disposed of by his conveyance of land in a different section.

### Amendment of Complaint.

The lot sued for is described in the original complaint as bounded by a line commencing at the southeast corner of southwest quarter of southwest quarter of section 11. The amendment added to that the words "according to the present location of said corner as the same was changed and relocated by D. S. Sowell or Doug Sowell, county surveyor, made by said county surveyor between the dates of February 3, 1906 and February 17, 1909, the exact time of said survey being unknown to plaintiff." Objection was made on the ground that the description was vague and uncertain, and adds nothing to it. The court permitted the amendment, and defendant excepted. An amendment of the description of the land sued for may be properly made, if it relates to the same land. Cowart v. Aaron, 220 Ala. 35, 123 So. 229(12). There was no error in permitting the amendment. There was no demurrer to the complaint as amended on that ground.

374

### Motion to Amend the Judgment.

The verdict of the jury was for plaintiff for the land sued for. The judgment was also in that language. Defendant moved to amend the judgment by describing the land as in the original complaint, but so that the lines on the north and west would be the location of an old fence.

Plaintiff moved to amend the judgment so as to describe the land recovered as set out in the amended complaint. The court granted this motion, and so amended the judgment and overruled the motion of defendant.

The lot sued for is described in the complaint as extending on the north and west to the roads respectively not to the fence. The verdict being for the land sued for, the court could not render a judgment except for that as described in the complaint, and conform to the verdict.

It was not void for uncertainty. Klepac v. Fendley, 222 Ala. 417, 132 So. 619; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103. The dispute here is not one as to the location of the line between sections 11 and 14, and this proceeding is not to settle such dispute or to locate the true line. The judgment describing the boundary line of the lot does not refer to the survey by Sowell as settling such a controverted issue, requiring a specific description of the location of the true line, as in Ward v. Lane, 189 Ala. 340, 66 So. 499, and in Wade v. Gilmer, 186 Ala. 524, 64 So. 611.

There was a motion for a new trial on the ground, among others, that the proof of plaintiff's possession did not extend it to the road but only to the line of the fence. But there was no ruling of the court invoked specially as to that matter, nor was his attention called to any such claim until the motion was made to amend the judgment. There was no exception to the court's charge in this respect, nor a special charge requested. The court overruled the motion for a new trial on that and other grounds. We cannot say that there was reversible error in doing so.

We have examined the other assignments of error. We do not think they are well taken or need discussion.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.