60 So.2d 843

**STATE v. BROOS.**

1 Div. 497.

Supreme Court of Alabama.

Oct. 16, 1952.

Pillans, Reams, Tappan, Wood & Roberts and Walter J. Lee, Mobile, for appellant.

D. R. Coley, Jr., Mobile, for appellee.

BROWN, Justice.

This appeal by the plaintiff is from a judgment of the Circuit Court of Mobile County entered on the verdict of a jury in favor of the defendant. The action is statutory ejectment brought by the State of Alabama, "for the use and benefit of the Board of School Commissioners of Mobile County" for the recovery of possession of a segment of land, situated in the Wheelerville Community in Mobile County, consisting of twenty-nine and a fraction acres, located in Section 16, Township 4, Range 2, West, lying immediately north of the Tanner-Williams Ferry Road, leading easterly through Springhill into the City of Mobile. The suit was filed May 9, 1950.

The title to said segment, as a matter of judicial knowledge and as the evidence shows, was vested in the State for the use of the inhabitants of said township for the establishment and maintenance of public schools by the Act of Congress approved March 2, 1819, authorizing "the inhabitants of the territory of Alabama" to form for themselves a constitution and state government and "be admitted into the union, upon the same footing with the original states, in all respects whatever. * * *" 3rd U.S. Stat. at Large, p. 489.

The several propositions submitted to the Convention of Delegates by said act were duly accepted and ratified "in convention at Huntsville, this second day of August, in the year of our Lord one thou-

sand eight hundred and nineteen, and of American independence the forty-fourth." See Code of 1923, Vol. 1, p. 81, for resolution accepting the proposition laid down in the Acts of Congress.

This suit was filed on May 9, 1950, one hundred and thirty years, nine months, and seven days after the title to the said property vested in the state under the Act of Congress and its acceptance by the people of Alabama for the use of the public schools.

■ The defendant interposed the statutory plea of "not guilty", the general issue in such actions, and the only appropriate plea thereto if the defendant's purpose was to contest the plaintiff's title and right of possession to the property. Code of 1940, Tit. 7, § 941; Bynum v. Gold, 106 Ala. 427, 17 So. 667. Under such plea any fact tending to defeat plaintiff's title or sustain that of the defendant is within the scope of the issues. McCormick v. McCormick, 221 Ala. 606, 130 So. 226; Bynum v. Gold, supra.

The defendant, Bessie F. Broos, as the evidence goes to show, is the granddaughter of Frederick Fincher, whose wife was Sarah or Sallie Fincher, and the grandmother of the defendant. Fincher, Sr. acquired a home site in the Wheelerville Community in the year 1855 upon which he built a log house, located by the side of the Tanner-Williams Ferry Road, fronting south, leading from Wheelerville through Springhill easterly into the City of Mobile. These facts are affirmed by the evidence which shows that Frederick Fincher, defendant's father, was 85 or 86 years old when he died in the year 1948 and hence he was born either in 1862 or 1863, six or seven years after the deed from Patrick McKeon was executed to Frederick Fincher.

The evidence goes to show that the grandmother Sarah or Sallie Fincher was living in the log house within the memory of some of the granddaughters who testified for the defendant. No doubt she was living there with her son Frederick Fincher, Jr., who was born at said house, lived and died on said property. The north line of

the house site whereon the log house was built was the section line between Sections 16 and 21, Township 4, South, Range 2 West, Mobile County. The tract of land involved in this suit lies immediately north of the back yard of said house and has been under fence and in cultivation for growing corn, watermelons and for pasture and during all of said time has been enclosed by fence and was so surrounded by fence at the commencement of the suit. The evidence goes to show that from a time of which "the mind of living men runneth not to the contrary," the land was so occupied, used and fenced.

■ Ed Thompson, testifying a few days before his 90th birthday, stated that he had known of such use for 80 years. The witness Lord, who was born in 1870, remembered such occupancy and use since he was 10 or 12 years old. Other witnesses for the defendant, ranging in age from 65 to 41, gave like testimony. The evidence shows that the defendant Bessie Broos derived title "by descent, cast or devise" from a predecessor in possession of the land at the time of his death, her father, Frederick Fincher. He and his predecessors had been in such possession and lived at the old house and occupied said tract in controversy for 86 years, more than 30 years before the passage of the Act of February 2, 1893. The defendant, therefore, is within the protection of one of the major exceptions in said act, now § 828, Title 7, Code of 1940.

The appellant's major contention is that the court erred in refusing to the plaintiff the general affirmative charge in its favor and in charging the jury orally in that portion of the oral charge to which exception was reserved. This contention is predicated largely on the following statement in brief: "The evidence showed that, from 1873 down to the date of the institution of this lawsuit, the Fincher homeplace and adjoining Fincher property in Section 21, immediately abutting on the land sued for, had been returned for assessment regularly; that the description in the assessment never included the land sued for, nor any land in Section 16; and that the property sued for

has never been assessed by or in the name of Fred Fincher or any other Fincher.

"The evidence further showed that no claim or declaration of entry and adverse possession, of the land sued for in this action, was ever filed in the Probate Court of Mobile County, Alabama, or recorded in the book kept in the said Court for such records, commonly styled 'the Adverse Possession Book'.

"The land in question is in the Wheelerville community, some eight or ten miles West of Mobile and two or three miles West of Springhill.

"The law questions that arise on this appeal grow out of rulings on objections to evidence; on plaintiff's requested charges refused by the trial Judge; and on one portion of the Judge's oral charge, to which exception was taken."

The major question of law is whether or not Fred Fincher could procure title by twenty years adverse possession immediately next preceding May 1, 1908. The court charged the jury that he could and refused plaintiff's requested affirmative charges pertinent to this question.

The brief further argues, "Plaintiff's respectful insistence was, and is, that the running of the statute of limitation was stopped from and after the passage of the Act of February 11, 1893 (as the evidence showed that no effort was made by the Finchers to comply with the requirements of the statute), and that, hence, it was necessary to show that ripening of title by 20 years adverse possession was completed before the 11th day of February, 1893."

The appellant places much emphasis on the fact that Frederick Fincher, who executed his will on the 13th of May, 1942, disposed of property in paragraphs 2, 3 and 4, located in Section 21, to his daughters, but takes no notice of the fact that in paragraph 5 of the will he disposed of "All the rest and residue of my property, real, personal and mixed, I give, devise and bequeath to my four daughters, namely: Hattie F. Nicholas, Louise F. Martin, Anna Belle F. Spaulding and Bessie F. Broos." This seems to be the residuary clause and covered any property to which he, Frederick Fincher, may have had title or claim.

The appellee's contention is that the failure of the Finchers to give notice under the provisions of the Act of 1893, embodied in the Code of 1896 as § 1541 and carried forward into the Code of 1907 as § 2830, did not apply to one who is claiming by inheritance, nor does it apply to or intercept the statute from perpetuating title under the doctrine of prescription of 20 years, where the possession has been continuous and dominion over the property was of such character as to give notice of claim of right, wherein the claimant was not shown to have recognized any adversary right. The following authorities sustain this proposition. Jones v. Rutledge, 202 Ala. 213, 80 So. 35; Smith v. Smith, 213 Ala. 670, 106 So. 194; Grayson v. Muckelroy, 220 Ala. 182, 187, 124 So. 217; Lyons v. Taylor, 222 Ala. 269, 271, 132 So. 171; Alford v. Rodgers, 242 Ala. 370, 372, 6 So.2d 409; Earnest v. Fite, 211 Ala. 363, 366, 100 So. 637; Stearnes v. Woodall, 218 Ala. 128, 117 So. 643.

In the last cited case 218 Ala. on page 129 under headnote 3, 117 So. on page 644 the court states: "The averments further show that Winston's individual possession, occupation and user had been continuous under the claim of right for a period of thirty-three years, without recognition of adverse rights or title in the heirs of Simon Ross. 'In such a case the court, for the repose of society, will presume any state of the title in order to maintain a status of parties and property so long allowed to remain undisturbed.' Kidd v. Borum, 181 Ala. 144, 61 So. 100, Ann.Cas.1915C, 1226; Moore v. Elliott, 217 Ala. 339, 116 So. 346.

"In this respect the elements on which the doctrine of prescription is applied differ from those of adverse possession. In the first there must be an individual, continuous possession of user, without the recognition of adverse rights, for a period of 20 years, and upon the establishment of such claim and user, the law presumes the existence of all the necessary elements of adverse possession or title without fuller proof, while under a mere claim of adverse possession

through the period prescribed by the statute of limitations (ten years) no such presumption prevails, and all the elements must be established by him who asserts such possession or title. See Locklin v. Tucker, 208 Ala. 155, 93 So. 896, and cases cited in the last paragraph of the opinion in the case of Jackson v. Elliott, 100 Ala. 669, 13 So. 690." [Parenthesis supplied.]

But appellant insists that there is noι the slightest evidence in this case to show that the Finchers entered on the tract in controversy under claim of right. The fact that the land was cleared by the ancestors of the defendant, fenced and cultivated for 20 years or more, certainly warranted an inference by the jury that such claim was under claim of right.

In State v. Inman, 239 Ala. 348, 195 So. 448, after extended discussion, it was held, "A suit in ejectment by state to recover possession of internal improvement lands, granted it by United States, but held adversely by defendant and his predecessors in title under claim of ownership in fee simple for over 20 years of period during which state was subject to statutes of limitations governing actions to recover realty, was barred by such statutes." The decision in that case was largely influenced by the holding of the Supreme Court of the United States in the case of State of Alabama v. Schmidt, 232 U.S. 168, 34 S.Ct. 301, 302, 58 L.Ed. 555, affirming State v. Schmidt, 180 Ala. 374, 61 So. 293, and that decision, it would seem, put the question at rest.

The portion of the oral charge to which exception was reserved by the appellant will appear in the statement of the reporter. We find nothing in this portion of the oral charge which justifies appellant's criticism. It clearly states the law as we have heretofore indicated. The evidence presented a case for jury decision. The court did not err in refusing the affirmative charge requested by the plaintiff, appellant here. Woods v. Montevallo Coal and Transportation Co., 84 Ala. 560, 3 So. 475; Jordan v. Smith, 185 Ala. 591, 64 So. 317.

Charges I and II, the affirmative charge in different form for plaintiff, were refused without error.

Plaintiff's charges III, IV and V were properly refused for the reason that the Act of 1893, dealing with the elements of adverse possession necessary to ripen into title under the ten year limitation, as heretofore pointed out, was not applicable to the 20 year limitation which extended the rule of repose to a notorious adverse possession for 20 years under claim of right, the latter phase of that question being a jury question. Said charges were well refused as being an invasion of the province of the jury and in conflict with the oral charge of the court and the written charges given at the defendant's request. Lyons v. Taylor, 231 Ala. 600, 166 So. 15.

Refused charges dealing with the necessity of color of title were abstract. The evidence is without conflict that the defendant claims title by inheritance from ancestors who were in actual possession and within the major exception laid down in the Act of 1893, carried through the Codes of 1896, 1907, 1923 and into the Code of 1940 as Title 7, § 828. Moreover, the defendant by her plea of not guilty elected not to rely on adverse possession for ten years but upon the failure of the plaintiff's title under the doctrine of prescription and said § 828, supra, and its predecessors were without application. Mahan v. Smith, 151 Ala. 482, 44 So. 375; Jones v. Rutledge, 202 Ala. 213, 80 So. 35; Smith v. Smith, 213 Ala. 670, 106 So. 194; Jordan v. Smith, 185 Ala. 591, 64 So. 317; Smith v. Bachus, 201 Ala. 534, 78 So. 888. It is not necessary that the ancestor had a good title or believed that he had a good title. Childs v. Floyd, 188 Ala. 556, 66 So. 473; Id., 194 Ala. 651, 70 So. 121.

The action in the nature of ejectment Code of 1940, Tit. 7, § 938, is a possessory action and it is not enough that plaintiff show that at some time in the past title was in plaintiff, but the right to possession at the time the suit was brought must be in the plaintiff. Salter v. Fox, 191 Ala. 34, 35, 67 So. 1006; Betz v. Mullin, 62 Ala. 365, 368. Plaintiff must recover on the strength of its own title and not on the weakness of the adversary's. Holland v. Pattillo, 205 Ala. 221, 87 So. 341; Monfee

v. Hagan, 201 Ala. 627, 79 So. 189; Lyons v. Taylor, 231 Ala. 600, 166 So. 15; Stewart v. Carnell, 235 Ala. 636, 180 So. 307.

Plaintiff's refused charges XII and XIII misplaced the burden of proof and were argumentative.

As to the objection of plaintiff to the question put to the witness Luquire, touching defendant's Exhibit 2 purporting to be an oil lease covering the land involved in this suit appearing on pp. 71 and 72 of the record, executed by Fred Fincher who the evidence shows was in possession of the property, this was merely to identify the lease and verify the description embodied therein as covering the land in litigation, and the objection was general that it calls for "irrelevant and immaterial testimony" and was overruled without error. Sanders v. Knox, 57 Ala. 80.

While it is well settled that the existence of a fact cannot be proved by general reputation or notoriety, when the existence of the fact has been shown, evidence of general reputation and notoriety is admissible to charge persons in the neighborhood with knowledge of such fact. Woods v. Montevallo Coal and Transportation Co., 84 Ala. 560, 3 So. 475; Humes v. O'Bryan, 74 Ala. 64, 81; Price v. Mazange & Co., 31 Ala. 701.

The deed from McKeon to Frederick Fincher, Sr., executed in 1855, was an ancient document of record in the Probate Office of Mobile County and was admissible in evidence as going to show that the elder Fincher contemplated, intended and did establish his home in the area immediately contiguous to the acreage, the subject matter of this litigation.

We have examined the several rulings on the admission of evidence made the bases of the assignments of error and in the light of the evidence, we find nothing in the rulings of the court that requires further treatment.

No reversible error appearing on the record, the judgment of the court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.