EDWARD N. SCRUGGS, Retired Circuit Judge.
This a zoning case.
An ordinance of the City of Dothan provides that if a drafting error was made in the location of a district boundary line in the city’s 1977 zoning map, the board of zoning adjustment (board), after a public hearing, is authorized to direct the correction of the error in order to show its correct location. It contains this provision:
The procedure outlined in this ordinance for correcting drafting errors on the zoning map shall apply to the zoning map adopted November 8, 1977, only. Any corrections to previously adopted zoning maps shall be made in accordance with procedures established prior to adoption of this ordinance.
The board rendered an adverse decision to the request of Mr. Bauman and the other owners of certain property (owners) to correct drafting errors in zoning maps and an appeal was duly taken by them to the circuit court. After an ore tenus trial de novo, that court found “that a drafting error was made by the City of Dothan affecting the zoning status of Plaintiffs’ [owners’] subject property prior to the time that the zoning map of 1974 was adopted. That same error was carried over when the *1027 zoning map of 1977 was adopted. The Court finds that the error changed the zoning of the parcel of real estate hereinafter described from GA-2 (Group Apartments) to Agricultural-Conservation and R-100-S (Residential-Low Density) zoning.” The board was directed to correct the error by restoring the zoning status of GA-2 to the particular property upon the zoning maps of 1974 and 1977.
The Shadybrook Homeowners Association (association), who had been permitted to intervene as a party in the circuit court, filed a motion to alter, amend or vacate the judgment. In substance they contended that, since the trial court ascertained that the drafting errors occurred prior to the adoption of the zoning map of 1974, the trial court had no authority to correct such mistakes inasmuch as the provisions in the ordinance for the correction of drafting errors applied only to the 1977 map. The association insisted that any correction to the 1974 zoning map had to be accomplished pursuant to procedure established prior to the 1977 ordinance. The trial court overruled that motion and the association appealed. We affirm.
While it is clear from the evidence that some of the drafting errors concerning zoning boundaries relating to the owners’ property occurred prior to the preparation of the 1977 official zoning map, it is uncon-troverted that those errors were carried over to and incorporated in the 1977 map. A drafting error thus occurred in the 1977 zoning map which altered the permitted zoning use of the property in question. Albeit, some of the mistakes in drafting occurred in at least one prior official zoning map, nevertheless, those same errors, and possibly other errors in that respect, were repeated in, and were a part of, the 1977 map. Accordingly, the correction of the 1977 map was authorized by the ordinance, for a drafting error was made therein. Since, as corrected, the 1977 zoning map will govern the present authorized zoning utilization of the owners’ particular property, it matters not whether the 1974 map is presently altered in that regard so as to make it speak the truth. Any present correction of the 1974 map is now immaterial in its application, and whether the trial court’s judgment as to the 1974 map is authorized by the procedure there used is of no present consequence and is hereby treated as mere surplusage.
Even though a trial court makes a special finding of fact, an appellate court, in reviewing the case, will look to the entire evidence to ascertain whether that court’s judgment itself was sufficiently sustained by proof. Shepherd v. Scott’s Chapel, A.M.E. Zion Church, 216 Ala. 193, 112 So. 905 (1927); United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores, 225 Ala. 307, 143 So. 176 (1932). A witness, in testifying as to drafting errors, stated that the pre-1977 maps were more nearly correct, with the major error as to this particular property happening in the 1977 zoning map. The judgment of the trial court was very adequately sustained by the evidence, and the trial court’s overruling of the association’s posttrial motions bolsters its judgment in correcting the 1977 map.
Since the trial court’s judgment was valid in correcting the drafting errors on the 1977 zoning map as to this particular property, a determination is not necessary as to other issues raised in the association’s brief by their learned counsel.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.